[Cite as *State v. Williams*, 2014-Ohio-846.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ,                                          :

     Plaintiff-Appellee,                         :

v.                                                       :                No. 13AP-723
                                                                        (C.P.C. No. 12CR-3614)
Charles Williams, Jr.,                                   :

     Defendant-Appellant.                        :                **(REGULAR CALENDAR)**

---

D E C I S I O N

Rendered on March 6, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Barnhart Law Office LLC,* and *Robert B. Barnhart*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Charles Williams, Jr., is attacking the guilty plea he entered in the trial court. He submits two assignments of error:

> 1. Appellant's plea was not knowing, intelligent, and voluntary because of judicial interference in the plea bargaining process.

> 2. The trial court failed to comply with Criminal Rule 11 when it did not inform the Defendant that no one could comment upon his silence at trial and that the jury would be instructed not to hold his silence against him and conflated the privilege against self-incrimination with the right to confront witnesses.

{¶ 2}    Williams was indicted two times for rape and kidnapping.  The second indictment included a sexually violent predator specification which had not been included in his first indictment.  The underlying facts were the same in both cases.

{¶ 3}    Williams eventually pled guilty to the first indictment and was sentenced to 19 years of incarceration.  The sexually violent predator specification which was dropped as part of the plea bargain could have given Williams a life sentence.

{¶ 4}    The underlying facts as presented to the trial court were that Williams forced a 14-year-old girl into the truck he was driving and raped her.  After he raped her, he threatened her if she told anyone.  Williams had a criminal record for sexually assaulting juveniles.

{¶ 5}    A trial judge's participation in the plea bargaining process will be carefully scrutinized to determine if it affected the voluntariness of the defendant's plea.  *State v. Byrd*, 63 Ohio St.2d 288 (1980), syllabus.  A judge's participation in the actual bargaining process presents a high potential for coercion. The defendant often views the judge as the final arbiter of his fate or at the very least the person in control of the important environment of the courtroom. He may be led to believe that this person considers him guilty of the crime without a chance of proving otherwise. He may infer that he will not be given a fair opportunity to present his case. Even if he wishes to go to trial, he may perceive the trial as a hopeless and dangerous exercise in futility.  *Id.* at 292.

{¶ 6}    Here, the trial court judge made a more detailed explanation of what Williams could expect to happen if he went to trial than many trial court judges do:

> Mr. Williams, I had you brought in here, and your lawyer is here, so you can understand what's happening today and what's going to happen down the line so you can make an intelligent decision about what you want to do.
>
> You're presumed innocent. You have the right to a jury trial. I don't have any problem with that. I prefer jury trials because it keeps me busy, and they're more interesting to me.
>
> However, during jury trials, sometimes I hear facts and evidence in that situation which makes a sentence different than I might give without having had a trial. It just depends on how the evidence comes out. Plus your exposure, sir, if you decline a plea bargain today, is life.

(Tr. 3.)

> And what I would do is order a presentence investigation. They do a background check. We set it for sentencing. I get all that information in front of me. The victim can come to court if she wants to. The victim doesn't have to come to court. If they do, I'll listen to the victim. But I have committed to you what I would be willing to do, in that range. I want you to think about it.
>
> The reason this is being offered, it's not because this case is weak. They make plea bargains to avoid a 14-year-old having to come down here and have a five-day trial and have DNA experts come down to go through the time, expense, et cetera, of a trial.
>
> So in order to avoid that--because we have a lot of cases-- they're offering a plea bargain, you're going to get the benefit of pleading guilty and credit for admitting what you did. That's also part of sentencing, is for somebody to accept responsibility. If you don't want to do that, I have no problem with it whatsoever.

(Tr. 12-13.)

{¶ 7} By entering the plea, Williams avoided the possibility of a life sentence and avoided the possibility of a maximum sentence on the charges to which he was pleading guilty. Approximately seven months elapsed between the time the judge made the above statement and when Williams actually entered his guilty pleas. At all pertinent times, Williams was represented by counsel.

{¶ 8} No one wants to go to prison for 19 years, but that result was better than the 22 years Williams risked if a trial occurred, not to mention the life sentence he risked under the sexually violent predator specification which was dropped. Williams chose the better course. The evidence against him was strong and his criminal record was a major liability. The trial court gave a full recitation of what was likely to happen if a plea were accepted. The issue was then submitted to Williams and his counsel. A fair trial was promised. Seven months later, Williams pled guilty. The plea was not made less than voluntary by the judge's conversation seven months earlier.

{¶ 9} Having carefully scrutinized the trial court's participation in the plea bargaining process, the first assignment of error is overruled.

{¶ 10} Under the second assignment of error, Williams' counsel argues that the trial court failed to fully advise Williams of his right against self-incrimination when it did not advise him the jury would be instructed not to hold his decision not to testify against him.

> A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid. (Crim.R. 11(C)(2)(c), applied.)

*State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, syllabus.

{¶ 11} The trial court strictly complied with Crim.R. 11(C)(2)(c) in conducting the plea proceedings. Williams was told he would not have to testify at trial. This was a major problem for him. If he testified, his past sexual assaults would be revealed to the trier of fact. If he did not testify, there would be no evidence to rebut the 14-year-old's testimony that she was raped. Williams was in a no-win situation given the young girl's potential testimony and his past record of sexual assaults.

{¶ 12} The other aspects of Crim.R. 11 were carefully followed.

{¶ 13} The second assignment of error is overruled.

{¶ 14} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and CONNOR, JJ., concur.