[Cite as *State v. Preston*, 2014-Ohio-3936.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | Nos. 14AP-246 and 14AP-305 |
| | | (C.P.C. No. 13CR-5137) |
| v. | : | |
| Cynthia D. Preston, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

# D E C I S I O N

Rendered on September 11, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

*Lisa M. Tome*, for appellant.

APPEALS from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Cynthia D. Preston, appeals from judgments of the Franklin County Court of Common Pleas sentencing her to five years imprisonment following her guilty pleas to tampering with evidence and obstructing justice.

{¶ 2} On September 26, 2013, appellant was indicted on one count of tampering with evidence, in violation of R.C. 2921.12, and one count of obstructing justice, in violation of R.C. 2921.32. Appellant initially entered pleas of not guilty. On November 6, 2013, appellant changed her plea to guilty on both counts of the indictment.

{¶ 3} On January 24, 2014, the trial court conducted a sentencing hearing. During the hearing, appellant's counsel notified the court that appellant wished to

withdraw her guilty pleas. The court, however, denied appellant's oral motion to withdraw the pleas. By entry filed February 24, 2014, the trial court sentenced appellant to three years imprisonment as to Count 1 (tampering with evidence), two years imprisonment as to Count 2 (obstructing justice), with the sentences to be served consecutively. The trial court filed a corrected judgment entry on March 26, 2014.

{¶ 4} Appellant filed notices of appeal from both the initial entry and the corrected entry of the trial court. Appellant subsequently filed a motion to consolidate the two cases, which this court granted.

{¶ 5} On appeal, appellant sets forth the following five assignments of error for this court's review:

> ASSIGNMENT OF ERROR NO. 1:
>
> THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH CRIM.R. 11 DURING APPELLANT'S PLEA HEARING, AS THE COURT DID NOT ENGAGE IN A COLLOQUY WITH APPELLANT REGARDING HER CONSTITUTIONAL RIGHTS.
>
> ASSIGNMENT OF ERROR NO. 2:
>
> APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO FILE A MOTION TO WITHDRAW GUILTY PLEA ON APPELLANT'S BEHALF, THEREBY DEPRIVING APPELLANT OF HER RIGHTS AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.
>
> ASSIGNMENT OF ERROR NO. 3:
>
> THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING ON APPELLANT'S ORAL MOTION TO WITHDRAW HER GUILTY PLEA.
>
> ASSIGNMENT OF ERROR NO. 4:
>
> THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING THE FINDINGS MANDATED BY R.C. 2929.14(C)(4) AT THE SENTENCING HEARING.

ASSIGNMENT OF ERROR NO. 5:

THE TRIAL COURT ERRED IN SENTENCING APPELLANT ON BOTH COUNTS TO WHICH SHE PLED GUILTY AS THE TWO OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT WHICH SHOULD HAVE MERGED AT SENTENCING.

{¶ 6} Under the first assignment of error, appellant asserts the trial court erred in failing to comply with the requirements of Crim.R. 11 during the plea hearing. Specifically, appellant argues that the court's failure to inform her of the constitutional rights she was waiving, as mandated by Crim.R. 11(C)(2)(c), rendered the plea invalid.

{¶ 7} Under Ohio law, "a trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination." *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 31. When a trial court fails to strictly comply with this duty, "the defendant's plea is invalid." *Id.*

{¶ 8} The state concedes the trial court failed to advise appellant of the constitutional rights she was waiving by pleading guilty. The state therefore agrees that the plea must be set aside and the matter remanded to the trial court for further proceedings.

{¶ 9} Based upon this court's review of the record, we agree with appellant that the trial court failed to comply with the requirements of Crim.R. 11(C)(2)(c), thereby rendering the plea invalid. *Id.* We therefore sustain appellant's first assignment of error and vacate her pleas. In light of our disposition of the first assignment of error, the arguments raised by appellant under the remaining assignments of error are rendered moot.

{¶ 10} Based upon the foregoing, appellant's first assignment of error is sustained, the second, third, fourth, and fifth assignments of error are rendered moot, the judgments of the Franklin County Court of Common Pleas are reversed, and these matters are

remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgments reversed and causes remanded.*

SADLER, P.J., and LUPER SCHUSTER, J., concur.

_____