[Cite as *State v. Snyder*, 2024-Ohio-4860.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ANDREW AMIEL SNYDER, JR.,

    DEFENDANT-APPELLANT.

CASE NO. 6-24-04

O P I N I O N

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20222164

Judgment Reversed and Cause Remanded

Date of Decision: October 7, 2024

APPEARANCES:

    *Christopher Bazeley* for Appellant

    *Morgan S. Fish* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Andrew A. Snyder, Jr. ("Snyder"), appeals the March 12, 2024 judgment of sentence of the Hardin County Common Pleas Court. For the reasons that follow, we reverse.

{¶2} On November 16, 2022, the Hardin County Grand Jury indicted Snyder on seven counts: Count One of aggravated robbery in violation of R.C. 2911.01(A)(1), (C), a first-degree felony; Count Two of aggravated burglary in violation of R.C. 2911.11(A)(1), (B), a first-degree felony; Count Three of aggravated burglary in violation of R.C. 2911.11(A)(2), (B), a first-degree felony; Count Four of having weapons while under disability in violation of R.C. 2923.13(A)(2), (B), a third-degree felony; Count Five of having weapons while under disability in violation of R.C. 2923.13(A)(3), (B), a third-degree felony; Count Six of felonious assault in violation of R.C. 2903.11(A)(2), (D)(1)(a), a second-degree felony; and Count Seven of intimidation in violation of R.C. 2921.03(A), (B), a third-degree felony. Counts One, Two, Three, Six, and Seven contained firearm specifications pursuant to R.C. 2941.141(A) and 2941.145(A). At the initial appearance on December 22, 2022, Snyder entered not guilty pleas to the counts and specifications in the indictment.

{¶3} Snyder appeared for a change-of-plea hearing on January 26, 2024. Pursuant to a joint recommendation, the State moved the trial court to amend Count

One of the indictment from aggravated robbery in violation of R.C. 2911.01(A)(1), (C), a first-degree felony, to robbery in violation of R.C. 2911.02(A)(3), a third-degree felony. The trial court granted the State's motion and amended Count One as requested. Then, Snyder withdrew his pleas not guilty and entered guilty pleas to Count One, as amended, and Count Seven. The trial court accepted Snyder's pleas, found him guilty, and ordered a PSI.

{¶4} On March 11, 2024, the trial court sentenced Snyder to 24 months on amended Count One and 24 months in prison on Count Seven. The trial court ordered the sentences to be served consecutively for an aggregate term of 48 months. The trial court also terminated Snyder's post-release control and ordered him to serve an additional one-year prison term to be served first and consecutively to the 48-month prison term imposed for the instant case. At the request of the State, the trial court dismissed the remaining counts and specifications. The following day, the trial court filed its judgment entry of sentence.

{¶5} On March 25, 2024, Snyder filed his notice of appeal. He raises two assignments of error for our review.

## First Assignment of Error

**The trial court failed to advise Snyder of his rights as required by Crim.R. 11 rendering his plea involuntary, unknowingly, and unintelligently given.**

{¶6} In his first assignment of error, Snyder argues that his guilty plea is invalid because the trial court twice failed to comply with Crim.R. 11. Specifically, Snyder contends the trial court did not orally advise him of his right against self-incrimination and also his right to compulsory process to obtain witnesses, as required by Crim.R. 11(C)(2)(c), and that his plea was therefore not entered knowingly, intelligently, and voluntarily.

*Relevant Authority*

{¶7} "Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler*, 2020-Ohio-2765, ¶ 10. "If the plea was not made knowingly, intelligently, or voluntarily, enforcement of that plea is unconstitutional." *Id.*

{¶8} Crim.R. 11, which outlines the procedures that trial courts must follow when accepting pleas, "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Id.* at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). Crim.R. 11(C)(2), which applies specifically to a trial court's acceptance of pleas in felony cases, provides as follows:

> (2) In felony cases the court may refuse to accept a plea of guilty or a
> plea of no contest, and shall not accept a plea of guilty or no contest

> without first addressing the defendant personally . . . and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise the defendant before accepting his plea that the plea waives the various constitutional rights listed in Crim.R. 11(C)(2)(c). *State v. Veney*, 2008-Ohio-5200, syllabus.

{¶9} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13. However, in the criminal-plea context, the Supreme Court of Ohio has carved out limited exceptions to the prejudice component of the traditional rule, one of which involves the constitutional advisements contained in Crim.R. 11(C)(2)(c). *Id.* at ¶

14. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.*, citing *State v. Clark*, 2008-Ohio-3748, ¶ 31 and *Veney* at syllabus. In such circumstances, the defendant's plea is invalid. *Veney* at syllabus.

*Analysis*

**{¶10}** After reviewing the record, we agree with Snyder that the trial court failed to fully comply with Crim.R. 11(C)(2)(c) when it accepted his guilty plea. At the change-of-plea hearing, the only references to the right against self-incrimination and the right to compulsory process were in the following exchange:

> [Trial court]: You've got a right to defend yourself. You could come up here on the witness stand, tell your side of the story. You could call your own witnesses, present your own evidence. And do you understand if we go through with this plea today, that's not happening either?
>
> [Snyder]: I understand that, Your Honor.

(Jan. 26, 2024 Tr. at 11).

**{¶11}** The State admits the above-referenced language is ambiguous but argues the ambiguous statements are sufficient to advise Snyder of his right against self-incrimination and compulsory process when supplemented with the written plea agreement. *See State v. Barker*, 2011-Ohio-4130, ¶ 25 ("[A]n alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to

other portions of the record, including the written plea, in determining whether the defendant was fully informed of the right in person."). However, in reviewing the record, we disagree with the State, at least as regards the court's advising Snyder of his right against self-incrimination.[1]

{¶12} The State concedes that the trial court did not use the statutory language when advising Snyder of his right against self-incrimination, but argues that by stating that Snyder could get on the stand and tell his story, the trial court *implied* that Snyder need not testify, and could choose not to testify if he desired. (Appellee's Brief at 10). However, after reviewing the language employed by the trial court, we do not find the language to be ambiguous in a way that would allow supplementation with other parts of the record. *See State v. Gomez*, 2017-Ohio-8832, ¶ 37-42 (referencing the written plea form to resolve an alleged ambiguity where the trial court used the phrase "the right to remain silent" in reference to the defendant's right against self-incrimination). Rather, we find that a reference to being able to voluntarily testify on one's own behalf and defend oneself against the allegations to be separate and distinct from the right against self-incrimination. Accordingly, we find the language the trial court employed was insufficient to advise Snyder that he could not be forced to testify against himself. *See State v.*

---

[1] The State concedes that the trial court's statement, "You could call your own witnesses, present your own evidence," is ambiguous because it does not reference "compulsory process for obtaining witnesses." However, in light of our decision with respect to the trial court's advisement regarding the right against self-incrimination, we need not address Snyder's arguments with respect to the right to compulsory process.

*Lunder*, 2014-Ohio-5341, ¶ 26 (8th Dist.) (defendant was advised of "both his right not to testify at trial and that, in choosing not to, his choice could not be used against him in any way"). Thus, Snyder's guilty plea was not valid because the trial court did not explain the constitutional right against self-incrimination Snyder was waiving by pleading guilty. *See State v. Williams*, 2014-Ohio-846, ¶ 10-11 (10th Dist.). Accordingly, Snyder's guilty plea must be vacated.

{¶13} Snyder's first assignment of error is sustained.

### Second Assignment of Error

**The trial court violated Snyder's right to allocute at the appropriate time as required by Crim.R. 32.**

{¶14} In his second assignment of error, Snyder argues that the trial court erred by denying his right to allocute at the sentencing hearing. Specifically, Snyder argues that the trial court erred by: 1) denying trial counsel's request to withhold his arguments until after the victim's husband made his statements and 2) denying Snyder and his trial counsel the opportunity to allocute after the State disclosed additional information. Although Snyder's allegations raise concern, in light of our disposition of Snyder's first assignment of error, Snyder's second assignment of error is rendered moot, and we therefore will not address it. *See State v. Preston*, 2014-Ohio-3936 (10th Dist.), ¶ 9; App.R. 12(A)(1)(c).

{¶15} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the Hardin County Court of Common Pleas and remand for further proceedings consistent with this opinion.

***Judgment Reversed***
***and Cause Remanded***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlm**