**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0858n.06

No. 12-6283

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| GARRY D. HUNTER, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**
Oct 01, 2013
DEBORAH S. HUNT, Clerk

BEFORE: MERRITT, GIBBONS, and McKEAGUE, Circuit Judges.

PER CURIAM. Garry D. Hunter appeals the district court's judgment of conviction and sentence.

Hunter pleaded guilty to conspiracy to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In determining Hunter's total offense level, the district court applied a two-level enhancement under USSG § 2D1.1(b)(1) because Hunter possessed a firearm. Based on a total offense level of 35 and a criminal history category of I, Hunter's guidelines range of imprisonment was 168 to 210 months. The district court sentenced him to 183 months in prison.

On appeal, Hunter makes the following arguments: (1) the district court erred by applying the two-level enhancement under § 2D1.1(b)(1); (2) his sentence was substantively unreasonable; and (3) his counsel rendered ineffective assistance at the sentencing hearing.

Hunter first argues that the district court erred by applying the two-level enhancement under § 2D1.1(b)(1) because the government failed to prove that he possessed a firearm during the drug conspiracy, which ran from April 2010 to April 2011. We review a district court's interpretation of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Greeno*, 679 F.3d 510, 514 (6th Cir.), *cert. denied*, 133 S. Ct. 375 (2012). The two-level enhancement under § 2D1.1(b)(1) applies if the defendant possessed a dangerous weapon such as a firearm. *Id.* The government bears the initial burden of proving by a preponderance of the evidence that the defendant possessed the dangerous weapon during the commission of the offense or other relevant conduct. *Id.* If the government satisfies its burden, the defendant must show that it was clearly improbable that the weapon was connected to the offense. *Id.*

The government presented evidence that, during the search of Hunter's residence in September 2011, officers discovered that the windows and doors of the residence had been fortified, and they found numerous loaded firearms that were strategically placed throughout the residence, Xanax pills, and over $100,000 in drug proceeds. In addition, there was evidence that, in early 2011, Hunter had confronted a co-conspirator with a firearm that was similar to one found during the search of his residence. Although the search of Hunter's residence occurred several months after the conclusion of the drug conspiracy, the government's evidence was sufficient to satisfy its burden of showing that Hunter possessed a firearm during the commission of the conspiracy or other relevant conduct. *See United States v. Faison*, 339 F.3d 518, 519-21 (6th Cir. 2003); *United States v. Dugalic*, 489 F. App'x 10, 23-24 (6th Cir.), *cert. denied*, 133 S. Ct. 669 (2012). Because Hunter failed to rebut the government's showing with evidence demonstrating that it was clearly improbable

that the firearms were connected to the drug conspiracy, the district court properly applied the enhancement under § 2D1.1(b)(1).

Hunter next argues that his sentence was substantively unreasonable because the district court put unwarranted emphasis on the need for retribution and failed to adequately consider the need to avoid sentencing disparities with both Hunter's co-conspirator Bobby Joe Sparks and other similarly situated defendants. We review a district court's sentencing decision for substantive reasonableness under an abuse-of-discretion standard. *United States v. Bistline*, 720 F.3d 631, 633 (6th Cir. 2013). A sentence is substantively unreasonable if the district court fails to consider a relevant sentencing factor or gives an unreasonable amount of weight to any pertinent factor. *Id*. We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Before imposing its sentence, the district court engaged in a detailed discussion of several relevant sentencing factors, including the serious nature of the crime, Hunter's history and personal circumstances, and the need to promote deterrence, protect the public, and avoid unwarranted sentencing disparities. Although the court emphasized the need for punishment, the record does not support Hunter's argument that the court gave undue weight to that factor. The court also gave proper consideration to the need to avoid unwarranted sentencing disparities. Hunter's own statistics demonstrate that the majority of similarly situated offenders receive a within-guidelines sentence, and Sparks was not similarly situated to Hunter, given that he was held responsible for far fewer pills and he cooperated with law enforcement.

Finally, Hunter argues that his trial counsel rendered ineffective assistance in the following ways: (1) he conceded the applicability of the two-level enhancement under § 2D1.1(b)(1); (2) he failed to argue that the firearms were not possessed during the conspiracy; (3) he failed to file a sentencing memorandum addressing the relevant sentencing factors; (4) he treated the advisory guidelines as mandatory; and (5) he failed to argue that a below-guidelines sentence was warranted on account of the 63-month sentence imposed on Bobby Joe Sparks. To prevail on an ineffective-assistance claim, a defendant must show that counsel's performance was deficient and that he suffered prejudice as a result. *Campbell v. Bradshaw*, 674 F.3d 578, 586 (6th Cir.), *cert. denied*, 133 S. Ct. 527 (2012).

We decline to address Hunter's claims that counsel should have provided the district court with additional information about his background and personal circumstances and with additional information concerning Bobby Joe Sparks because the record is not well-developed on those issues. *See United States v. McAllister*, 693 F.3d 572, 586 (6th Cir. 2012). Hunter has not demonstrated prejudice resulting from counsel's other alleged errors.

Accordingly, we affirm the district court's judgment.