**UNITED STATES of America**

v.

**John T. CHILDS.**

**Case No. 2:13–cr–96.**

United States District Court,
S.D. Ohio,
Eastern Division.

Oct. 2, 2013.

---

Heather A. Hill, United States Attorney's Office, Columbus, OH, for United States of America.

Joseph E. Scott, Joseph E. Scott Law Offices, Columbus, OH, for John T. Childs.

## OPINION AND ORDER

JAMES L. GRAHAM, District Judge.

This is a disturbing case. Defendant is charged with one count of possession of child pornography. I am called upon to decide whether to accept a plea agreement which requires me to impose a sentence which is roughly only one sixth of the lowest sentence recommended by the United States Sentencing Guidelines ("the Guidelines" or "U.S.S.G.").[1] This is disturbing not because I disagree with the sentence, but because I am convinced that under the law of the Sixth Circuit announced in *United States v. Bistline,* 665 F.3d 758, 761–64 (6th Cir.2012) ("*Bistline I*"). I would not have been free to select such a sentence without the government's agreement.

There is widespread agreement among judges, lawyers and legal scholars that the guidelines for child pornography offenses are seriously flawed. Nevertheless, in *Bistline I,* the Sixth Circuit Court of Appeals held that sentencing judges must give these guidelines substantial deference even though they were not the result of the empirical study and independent analysis of the United States Sentencing Commission ("the Commission") upon which the Supreme Court of United States heavily relied in upholding the constitutionality of the Guidelines. *See United States v. Booker,* 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ("As we have said, the Sentencing Commission remains in place, writing Guidelines, collecting information about actual district court sentencing decisions, undertaking research, and revising the Guidelines accordingly."); *see also Kimbrough v. United States,* 552 U.S. 85, 108, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) ("While rendering the Sentencing Guidelines advisory, we have nevertheless preserved a key role for the Sentencing Commission."); *Rita v. United States,* 551 U.S. 338, 349, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) ("The Guidelines as written reflect the fact that the Sentencing Commis-

---

1. The defendant's guideline sentencing range is thirty-seven to forty-six months. The plea agreement calls for a sentence of incarceration of six months. The probation officer originally calculated the guideline range as fifty-seven to seventy-one months based on a four-level enhancement under U.S.S.G. § 2G2.2(b)(4) for possession of images which portrayed sadistic or masochistic conduct. This enhancement was based on forensic evidence that the defendant possessed a known file of child pornography of that nature when law enforcement monitored the files on his computer over the Internet on August 18, 2012. The government subsequently informed the probation officer that it would not pursue this enhancement as this file was not present on defendant's computer when it was seized pursuant to a search warrant on October 10, 2012. One hundred-forty-five files of suspected child pornography were present on the defendant's computer between April and September 2012, but only ten were found at the time of the search.

sion examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill this statutory mandate.").

The Sixth Circuit held in *Bistline I* that the child pornography guidelines, which are based upon a patchwork of congressional enactments and directives to the Commission, were entitled to even more deference than those issued by the Commission because Congress had a significant role in creating them. *Bistline I*, 665 F.3d at 763–64. The court went on to hold that although district judges may still disagree with the policies embedded in those directives on policy grounds, such disagreements will be subject to "close scrutiny" on appeal. *Id.* at 763. How this standard can be reconciled with the deferential abuse-of-discretion review prescribed in *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), is a mystery. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586 (noting that if a sentence is outside the Guidelines range, a court of appeals "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole justify the extent of the variance").

In *Booker*, the Supreme Court drew a distinct line at the level of mandatory versus advisory in order to save the Guidelines from unconstitutionality under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000):

> We answer the question of remedy by finding the provision of the federal sentencing statute that makes the Guidelines mandatory, 18 U.S.C. § 3553(b)(1)(Supp.IV), incompatible with today's constitutional holding. We conclude that this provision must be severed and excised[.] ... So modified, the federal sentencing statute ... makes the Guidelines effectively advisory.

543 U.S. at 245, 125 S.Ct. 738.

The Sixth Circuit's decision in *Bistline I* blurs the distinction between mandatory and advisory by requiring more deference to congressionally created guidelines than that accorded to Sentencing Commission-created guidelines. Just what implications this might have under *Apprendi* was not discussed by the Sixth Circuit.[2]

There have been some very important developments since the Sixth Circuit's decision in *Bistline I*. In its *Report to Congress: Federal Child Pornography Offenses* (Dec. 2012), www.ussc.gov/Legislative_and_Public_Affairs/Congressional_Testimony_and_Reports/Sex_Offense_Topics/201212_Federal_Child_Pornography_Offenses/ (visited October 1, 2013), the Sentencing Commission publicly declared that the existing guidelines for child pornography offenses were flawed and in need of repair. In a letter to Judge Patti B. Saris, Chair of the Commission, dated March 5, 2 013, Anne Gannon, National Coordinator for Child Exploitation Prevention and Interdiction, responded to the Commission's report on behalf of the Department of Justice. *See* Letter from Anne Gannon, Nat'l Coordinator for Child Exploitation Prevention and Interdiction, Office of the Deputy Attorney General, U.S. Dep't of Justice, to Honorable Patti B. Saris, Chair, U.S. Sen-

---

**2.** It is interesting to note that in *Booker,* the government argued that the Court should uphold the mandatory Guidelines because they were *not* created by Congress, but by the Commission. *See Booker,* 543 U.S. at 237, 125 S.Ct. 738 ("[The government] contends that [*Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)] is distinguishable because the Guidelines were promulgated by a Commission rather than the Legislature[.]").

tencing Comm'n (Mar. 5, 2013), available at http://sentencing.typepad.com/files/doj-letter-to-ussc-on-cp-report.pdf (visited Sept. 30, 2013). The Department expressed its agreement with many of the Commission's conclusions, noting that the report "reflects a significant amount of detailed research and thoughtful analysis" and thanking the Commission for "undertaking the important task of laying the foundation for reforming sentencing practices involving non-production child pornography offenses." *Id.* at 1.

Nevertheless, on June 27, 2013, four months after the Commission's report, the Sixth Circuit filed its opinion in *United States v. Bistline,* 720 F.3d 631 (6th Cir. 2013) (*"Bistline II "*) reaffirming it's holding in *Bistline I,* with no mention whatsoever of the Commission's findings or the extent of the Department of Justice's concurrence. As a judge who has regularly sat on the Sixth Circuit Court of Appeals by designation for more than two decades, I find this inexplicable. Many of the Commission's criticisms of the child pornography guidelines, including criticisms which the Justice Department concurred in, are identical to the ones I expressed in my sentencing colloquy in Mr. Bistline's case. The Sentencing Commission's criticism of the crack cocaine guidelines was cited as a reason for diminished deference for those guidelines in *Kimbrough,* and that part of the *Kimbrough* decision was cited by the Sixth Circuit in *Bistline I* to explain why the Supreme Court decided that the crack cocaine guidelines were entitled to less deference. *See Bistline I,* 665 F.3d at 763. In light of the fact that, in the interim, the Commission had spoken on the child pornography guidelines, why would the court not revisit the applicability of *Kimbrough* when it decided *Bistline II?* It seems clear to me that under *Kimbrough,* the child pornography guidelines should be accorded less, not more, deference than others.

It is a tragic irony that sentencing judges in the Sixth Circuit are required to give enhanced deference to guidelines which the independent Commission, relied upon so heavily by the Supreme Court in upholding the Guidelines, has now declared flawed and in need of reform. It is even more tragic that offenders in this circuit will have to rely on prosecutorial discretion, not judicial discretion, in order to receive a just and fair sentence in these cases.

For the reasons stated on the record on September 6, 2013, I believe that the plea agreement in this case calls for a fair and reasonable sentence which satisfies all of the goals of 18 U.S.C. § 3553(a), and the plea agreement is accepted.