NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0235n.06

No. 14-3874

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 31, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| | ) | |
| RICHARD BISTLINE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: GILMAN and KETHLEDGE, Circuit Judges; LUDINGTON, District Judge.*

KETHLEDGE, Circuit Judge. This case is before us for a third time. Richard Bistline pled guilty to knowingly possessing child pornography, in violation of 18 U.S.C. § 2522. He now challenges his sentence of one year and one day in prison. We affirm.

I.

"Richard Bistline pled guilty to knowingly possessing 305 images and 56 videos of child pornography on his computer. Many, if not a majority, of those images and videos"—including those depicting Kylie and Vickie, two victims whose statements were read at Bistline's sentencing hearings—depicted young girls "being raped by adult men." *United States v. Bistline*, 665 F.3d 758, 760 (6th Cir. 2012) (*Bistline I*). The guidelines range for Bistline's sentence was 63 to 78 months' imprisonment, though the district court failed to acknowledge that fact at

---

* The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

Bistline's first (or second) sentencing hearing. The court sentenced Bistline to overnight confinement in the courthouse lockup, plus 30 days' home confinement and ten years' supervised release. We reversed, holding that "the sentence imposed in this case does not remotely meet the criteria that Congress laid out in § 3553(a)." *Id*. at 768. But on remand the district court imposed the same sentence, except that the court extended Bistline's period of home confinement from 30 days to three years. We reversed again, holding that "[t]he sentence imposed on remand does not 'reflect the seriousness of the offense'; it does not meet the retributive goal of 'provid[ing] just punishment for the offense'; and it does not 'afford adequate deterrence to criminal conduct[,]' among other deficiencies." *United States v. Bistline*, 720 F.3d 631, 634 (6th Cir. 2013) (*Bistline II*). We also ordered the case assigned to a different district judge on remand. *Id*. at 634-35.

At Bistline's third sentencing, the district court stated that it had "reviewed everything in the lengthy record before me," including the "lengthy sentencing memoranda and exhibits[.]" Tr. 2, 4. The court then heard arguments from counsel for each side, testimony from Bistline's probation officer, and allocution from Bistline himself. The government argued for a sentence of 60 months' imprisonment; Bistline argued for a noncustodial sentence. Ultimately the court imposed a sentence of one year plus one day in prison, followed by ten years' supervised release. The court allowed Bistline to remain free on bond pending this appeal.

## II.

### A.

Bistline argues that the district court's imposition of a sentence greater than overnight confinement in the courthouse lockup violated his Sixth Amendment rights. That is a legal

argument, which we review de novo. *United States v. Beverly*, 369 F.3d 516, 536 (6th Cir. 2004).

Bistline's briefs are unclear as to why, exactly, he thinks his custodial sentence violates the Sixth Amendment. But he seems to reason as follows: first, certain of our holdings in our prior decisions in this case—namely, that the district court unreasonably applied 18 U.S.C. § 3553(a) in choosing a sentence of overnight confinement in the lockup—"[i]n effect" amount to findings of fact (rather than holdings) that § 3553(a) required a custodial sentence in Bistline's case (Opening Br. at 34); and second, those putative factual findings in turn mandated a custodial sentence of a certain length (*i.e.*, one longer than a single day) in the same manner that, say, statutory minimums mandate a sentence of a certain length. Thus, the argument seems to go, Bistline's sentence was mandated by (appellate) judge-found facts, which would be contrary to the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151, 2160 (2013).

The short answer to this argument is that our review of Bistline's sentence for substantive reasonableness was mandated by Supreme Court precedent rather than barred by it. *See United States v. Booker*, 543 U.S. 220, 261-62 (2005); *Gall v. United States*, 552 U.S. 38, 51 (2007). A somewhat longer answer is that our determinations (to use a neutral term) that the district court misapplied § 3553(a) were not findings of fact. To the contrary, § 3553(a) requires the district court (and then the circuit court on appeal, *see Booker*, 543 U.S. at 261) to "consider" certain factors in determining a defendant's sentence. And that kind of consideration, we have already held, yields a *judgment* rather than a finding of fact. *See United States v. Gabrion*, 719 F.3d 511, 533 (6th Cir. 2013) (en banc). Bistline's Sixth Amendment argument is meritless.

Nor, it bears mention, does this record even present the Sixth Amendment issue that Bistline seeks to raise. He asserts, as a premise of his Sixth Amendment argument, that "[t]he

*sole* factor relied on by Judge Smith in support of the longer sentence [*i.e.*, the 366-day sentence on review here] was that this court required a longer sentence." Opening Br. at 32 (emphasis in original). But the record refutes that assertion. In support of the sentence imposed here, the district court stated, among other things, that "I believe that the sentence imposed is fair and just punishment for the defendant"; that the sentence "will send a message throughout our country that this conduct must not be repeated"; that "[t]he sentence imposed today will afford the defendant the appropriate and necessary means of rehabilitation"; and that "the sentence imposed is sufficient but not greater than necessary to comply with the purposes of sentencing outlined in Section 3553(a)." Tr. 50-51. It is true that the district court elsewhere recognized that, in light of our prior decisions in this case, a noncustodial sentence was no longer an option in Bistline's case. Tr. at 47. But the court's own statements show that, even if that option had been available, the district court would not have exercised it. The record makes clear that the sentence imposed in this case—366 days' imprisonment, rather than none—was the district court's own.

B.

Bistline argues on three grounds that his sentence is procedurally unreasonable. But he presented none of these grounds to the district court, even after the court asked whether "the parties have any objections to the sentence just pronounced that have not previously been raised[.]" Tr. at 51. We therefore review the procedural reasonableness of Bistline's sentence only for plain error. *See United States v. Simmons*, 587 F.3d 348, 355-58 (6th Cir. 2009).

There was none. Bistline first argues that the court ignored his argument that U.S.S.G. § 2G2.2—the guideline governing his base-offense level—lacked "any empirical support or other sound policy" to support it. Opening Br. at 38. As an initial matter, our court has already held that "Congress's long and repeated involvement in raising the offense levels for § 2G2.2

make clear that the grounds of its action were not only empirical, but retributive—that they included not only deterrence, but punishment." *Bistline I*, 665 F.3d at 764; *see also Bistline II*, 720 F.3d at 633. Bistline once again offers no response to those retributive grounds; and thus that the district court did not expressly discuss his argument did not affect his substantial rights. Moreover, the record shows that the district court did consider Bistline's critique of the guidelines: the court stated that it had reviewed Bistline's sentencing memorandum, and indeed refused to apply three enhancements for policy reasons. Thus, the district court did not "plainly violate[] its duty to analyze[] . . . his arguments for leniency." *United States v. Vonner*, 516 F.3d 382, 388 (6th Cir. 2008) (en banc) (emphasis and internal quotation marks omitted).

Bistline next argues that the district court did not explain adequately why his arguments for leniency did not support a sentence shorter than the 366-day sentence that the court imposed. But the record makes clear the district court considered Bistline's arguments about his age, health, and other personal characteristics; indeed the court and the parties discussed those considerations at length during the sentencing hearing. The court was not obligated to discuss Bistline's arguments more than it did. *See United States v. Gale*, 468 F.3d 929, 941 (6th Cir. 2006).

Bistline likewise argues that the district court failed to consider a guidelines policy statement that he says encourages home confinement for elderly and infirm defendants. But Bistline himself made no more than a passing reference to this policy statement in the district court, so the district court was not required to discuss it. *See United States v. Madden*, 515 F.3d 601, 611 (6th Cir. 2008). Bistline's sentence was procedurally reasonable.

C.

Finally, Bistline argues that his 366-day sentence is substantively unreasonable. That sentence, to be clear, amounts to more than an 80% reduction from the low end of his original guidelines range. Suffice it to say that, for all of the reasons already stated in our prior opinions in this case, Bistline's sentence is not unreasonably harsh. *See Bistline I*, 665 F.3d at 764-768; *Bistline II*, 720 F.3d at 634-35.

The district court's judgment is affirmed.