NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 16a0406n.06

No. 15-6133

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 19, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| DYLAN QUANDT, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____/ | ) | |

**Before: GUY, BOGGS, and MOORE, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Defendant, Dylan Quandt, appeals his sentence of one year and one day of imprisonment for possession of child pornography, 18 U.S.C. § 2252(a)(4)(B). We affirm.

**I.**

Defendant, then age 20, used his computer to download 834 images of child pornography. He fully cooperated with FBI agents, turned over all images, and pleaded guilty without the benefit of a plea bargain. After the district court considered defendant's objection to the use-of-a-computer enhancement, his calculated guidelines

range was 63 to 78 months of imprisonment. At the request of the district court, the parties filed "extraordinarily thorough" additional sentencing briefs.

At a second sentencing hearing, the district court acknowledged defendant's guidelines range but indicated it would vary downward. The district court inquired about the applicability of the *Bistline* series of cases discussed in the government's supplemental sentencing brief. In *Bistline*, this court twice remanded the district court's sentence of one day in prison (with substantial terms of supervised release and home confinement) for possession of child pornography, reassigned sentencing to a different judge, and ultimately affirmed a one-year sentence. *See United States v. Bistline (Bistline I)*, 665 F.3d 758 (6th Cir. 2012); *United States v. Bistline (Bistline II)*, 720 F.3d 631 (6th Cir. 2013); *United States v. Bistline (Bistline III)*, 605 F. App'x 529 (6th Cir. 2015), *cert. denied* 136 S. Ct. 169 (2015). At sentencing, defendant's counsel characterized the government's argument as "suggesting that [*Bistline* created] a bottom line below which the Court cannot go," a characterization the government disputed. The district court recognized that *Bistline* was "very, very instructive," but "made clear that [it did not] think that *Bistline* or any other Sixth Circuit case stands for the proposition that [one year of imprisonment] is a floor below which you cannot go . . . ." The district court imposed a sentence of one year and one day of imprisonment, plus 20 years of supervised release. Defendant objected, asserting that he should instead receive only home confinement. He renews this argument on appeal.

**II.**

We review defendant's sentence for reasonableness under an abuse-of-discretion standard, giving "due deference to the district court's decision that the [18 U.S.C] § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court abuses its sentencing discretion if it "commit[s a] significant procedural error," *id.*, "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor," *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

**III.**

Defendant claims that his sentence is unreasonable because the district court misinterpreted *Bistline* as creating a one-year mandatory minimum for possession of child pornography. Over the course of two hearings, the district court exhaustively discussed *Bistline* and how the case informed its sentencing determination. Although it queried whether it might read *Bistline* to stand for a one-year sentencing floor, it went to great lengths to explain that the case was merely instructive on the seriousness of child pornography offenses, and did not establish any mandatory minimum sentence.

The district court did exactly what it must: evaluate all of the sentencing factors in light of the seriousness of the offense conduct. The sentence it imposed was the result of its independent analysis of the § 3553(a) factors, not any misunderstanding about whether *Bistline* or any other ruling created, by judicial fiat, a one-year mandatory minimum

sentence for possessing child pornography. As the district court repeatedly noted, and we affirm, this court has done no such thing. *See Bistline I*, 665 F.3d at 761 ("[D]efining crimes and fixing penalties are legislative . . . functions." (quoting *United States v. Evans*, 333 U.S. 483, 486 (1948)).

Defendant nevertheless argues his sentence is substantively unreasonable because he was less culpable than defendants who received similar sentences for violating the same law. He contrasts the facts of his case with those that resulted in one-year sentences in *Bistline* and *Robinson*. *United States v. Robinson (Robinson II)*, 778 F.3d 515 (6th Cir. 2015), *cert. denied* 135 S. Ct. 2904 (2015). So too did the district court in discussing the § 3553(a) factors, especially reduction of unwarranted sentencing disparities. It reached a different result than defendant would like, but it was not an unreasonable one. *See United States v. Hogan*, 458 F. App'x 498, 504 (6th Cir. 2012) ("That the court did not weigh the factors raised by Defendant in the manner that he would have liked . . . does not indicate that the court acted improperly or disregarded Defendant's arguments.").

The district court had discretion to impose a lesser sentence, and suggested that it still might if the circumstances call for it, commenting that defendant was not "the least culpable child pornography defendant [the court wi]ll ever see." The 366-day sentence it imposed was procedurally and substantively reasonable, and therefore not an abuse of discretion.

**AFFIRMED.**