**NOT RECOMMENDED FOR PUBLICATION**
File Name: 18a0149n.06

**No. 17-3493**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 22, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| ROBERT L, BANNISTER, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

**BEFORE: DAUGHTREY, GIBBONS, and WHITE, Circuit Judges.**

**PER CURIAM.** Robert Bannister pled guilty to being a felon in possession of a firearm and possession with intent to distribute cocaine. The district court sentenced him to time served and three years of supervised release, a significant downward variance from the recommended Guidelines range. The government appealed this sentence as substantively unreasonable. Because the district court gave adequate justification for the downward departure and its decision is entitled to wide discretion, we affirm the sentence.

I.

In 2015, Bannister pled guilty to possessing a firearm as a convicted felon under 18 U.S.C. § 922(g)(1), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a). After his arrest, Bannister was released into a residential drug treatment program. For approximately eighteen months, Bannister remained on pre-trial release. During that period, Bannister stayed clean, got the first lawful job of his adult life, and co-founded Team Recovery,

a non-profit affiliated with the Toledo Police Department that works with schools, hospitals, and churches in helping individuals and families coping with drug addiction. At the sentencing hearing, Bannister focused on his achievements since his arrest, while the government focused on Bannister's prior criminal record.

After confirming the uncontested Guidelines range and conducting a thorough analysis of the sentencing factors, the court ultimately sentenced Bannister to time served and three years' supervised release. The government objected to the sentence as substantively unreasonable, mainly contesting that the sentence did not adequately weigh the Guidelines range, promote just punishment and respect for the law, or reflect the seriousness of the offense.

## II.

This court reviews the substantive reasonableness of a sentence for abuse of discretion, "regardless of whether the sentence is within or outside the advisory Guidelines range." *United States v. Russ*, 600 F. App'x 438, 447 (6th Cir. 2015) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). A sentence is substantively unreasonable when the district court "selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Keller*, 498 F.3d 316, 323 (quoting *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006)). When imposing a sentence, the district court should begin with a consideration of the Sentencing Guidelines range. *United States v. Aleo*, 681 F.3d 290, 299 (6th Cir. 2012) (citing *Gall*, 552 U.S. at 49). If the district court fails to consider the Guidelines, the sentence is substantively unreasonable. *See United States v. Bistline*, 720 F.3d 631, 633 (6th Cir. 2013) (*Bistine II*) (finding a sentence substantively unreasonable where "the district court never mentioned [defendant's] guidelines range").

Here, the government contends that the district court failed to consider the recommended Guidelines range. However, the district court specifically confirmed Bannister's Guidelines range and inquired about the calculation of that range, demonstrating that it did consider the Guidelines range and nevertheless found it appropriate to impose a sentence outside the range given the unique circumstances of Bannister's good behavior.

Additionally, the government argues that the district court failed to properly consider all the sentencing factors listed in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3553(a) ("The court, in determining the particular sentence to be imposed, *shall* consider . . . .") (emphasis added). But our review of the transcript from the sentencing hearing shows the district court engaged in a substantial analysis of the sentencing factors. While the district court admitted that some of the factors counseled against its lenient sentence, it ultimately concluded that "on balance, . . . it would be a just sentence" in light of the extraordinary circumstances of this case. (DE 48, Sent. Tr., Page ID 308.) The extensive analysis here is the exact kind of balancing of the sentencing factors that is required of a district court judge. The district court has wide discretion in sentencing and "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Given the district court's extensive deliberation, the broad discretion afforded to district judges at sentencing, and Bannister's truly remarkable rehabilitation, we cannot say that the imposition of a noncustodial sentence here was substantively unreasonable.

III.

Accordingly, we affirm the sentence.