NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 18a0606n.06

Case No. 17-6283

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 03, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| MITCHELL ERVIN WILSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BATCHELDER, COOK, and KETHLEDGE, Circuit Judges.

COOK, Circuit Judge. Defendant Mitchell Wilson pleaded guilty to possessing child pornography. He appeals his eighteen-month, below-Guidelines sentence. Because the district court did not abuse its sentencing discretion, we AFFIRM.

**I.**

Wilson maintained a file-sharing program on his computer that allowed him to download and share child pornography files. Police searched his computer and found thousands of child pornography images and videos, including depictions of intercourse between adult males and children as young as two. A grand jury charged him with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and he pleaded guilty.

The probation officer calculated an advisory Guidelines range of seventy-eight to ninety-seven months in the presentence report. Neither party objected to the report, but Wilson did move

for a downward variance, which the government countered. The district court considered the factors set forth in 18 U.S.C. § 3553(a) and imposed an eighteen-month sentence with ten years of supervised release.

**II.**

We review sentencing decisions for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first ensure that the district court committed no procedural error. *Id.* Here, however, Wilson does not dispute the procedural reasonableness of his sentence, admitting that the district court "followed a well thought out procedure." Thus, we review only for substantive reasonableness. *See United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008).

"[A] sentence may be substantively unreasonable if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011). In essence, a defendant's claim "that a sentence is substantively unreasonable is a claim that a sentence is too long." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). In making this assessment, we view the sentence "in light of the totality of the circumstances, giving 'due deference' to the sentencing judge." *United States v. Houston*, 529 F.3d 743, 755 (6th Cir. 2008) (citing *Gall*, 552 U.S. at 51–52). The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

Wilson's arguments fail to persuade us that his below-Guidelines sentence is substantively unreasonable. At the sentencing hearing, the district court considered the § 3553(a) factors in detail and heard arguments from both parties. As the court saw it, several factors weighed in Wilson's favor and pointed to "a lower sentence" that departed downward from the Guidelines range by sixty months.

Yet Wilson argues that the district court erred by imposing a term of incarceration rather than just probation. In support, he points to several cases in which child pornography offenders received only nominal or probationary sentences, but importantly, he fails to identify record evidence suggesting the district court gave inappropriate weight to the relevant sentencing factors.

In the two Sixth Circuit cases that Wilson cites, *United States v. Stall*, 581 F.3d 276 (6th Cir. 2009), and *United States v. Prisel*, 316 F. App'x 377 (6th Cir. 2008), we did uphold nominal sentences, but our review was limited to plain error and "prosecutorial neglect" infected the proceedings. *See United States v. Bistline*, 665 F.3d 758, 768 (6th Cir. 2012) (describing *Stall* as "more a cautionary tale about prosecutorial neglect, than . . . a precedent important to our decision here"). In both cases, the government failed to cite authority sufficient to support prison time. *See Stall*, 581 F.3d at 280; *Prisel*, 316 F. App'x at 385. In *Stall* particularly, the government left unchallenged the psychological evidence defendant presented and "at sentencing put forward almost no evidence for why a sentence within the Guidelines was warranted." 581 F.3d at 278–79.

By contrast, the government here relied on several cases to counter Wilson's motion for a variance to probation. It also advocated for a within-Guidelines sentence reflecting the "seriousness of the crime" and the need for "just punishment," two factors the court mentioned when it imposed the sentence.

The non-Sixth Circuit cases Wilson cites exemplify that defendants in far different circumstances may warrant shorter sentences. *See, e.g.*, *United States v. Polito*, 215 F. App'x 354 (5th Cir. 2007) (upholding probationary sentence for college freshman defendant already in treatment for mental illness); *United States v. E.L.*, 188 F. Supp. 3d 152 (E.D.N.Y. 2016)

(sentencing defendant with psychiatric problems to probation). Of course, beyond their factual distinctions, these cases do not bind this court.

Moreover, had the district court sentenced Wilson to probation, our cases would suggest reversible error as an abuse of discretion. For example, in *United States v. Bistline*, we held a one-day sentence substantively unreasonable in circumstances similar to Wilson's because the sentence did not reflect the seriousness of the child pornography offense and did not meet the retributive goal of providing just punishment. 720 F.3d 631, 634 (6th Cir. 2013). We cautioned against "plac[ing] excessive weight on the few factors that favor a lesser sentence, while minimizing or disregarding altogether the serious factors that favor a more severe one." *Id.*; *see also United States v. Camiscione*, 591 F.3d 823, 833–36 (6th Cir. 2010) (holding one-day sentence substantively unreasonable); *United States v. Robinson*, 778 F.3d 515, 519–22 (6th Cir. 2015) (same); *United States v. Christman*, 607 F.3d 1110, 1117–23 (6th Cir. 2010) (holding five-day sentence substantively unreasonable).

## III.

Wilson fails to show that the district court chose his sentence arbitrarily, grounded it on impermissible factors, or unreasonably weighed a pertinent factor. *See Brooks*, 628 F.3d at 796. We therefore AFFIRM his sentence as substantively reasonable.