RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0306p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

DANE SCHRANK,

*Defendant-Appellee*.

No. 19-5903

───────────────

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:17-cr-20129-1—Sheryl H. Lipman, District Judge.

Decided and Filed: September 14, 2020

Before: BATCHELDER, DONALD, and THAPAR, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:** Debra L. Ireland, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellant. Michael J. Benza, THE LAW OFFICE OF MICHAEL J. BENZA, INC., Chagrin Falls, Ohio, for Appellee.

───────────────

## OPINION

───────────────

THAPAR, Circuit Judge. We have seen this case before. Dane Schrank visited the dark web and downloaded "nearly 1,000 images of babies and toddlers being forcibly, violently, and sadistically penetrated." *United States v. Schrank*, 768 F. App'x 512, 515 (6th Cir. 2019). After a government investigation identified Schrank, he confessed and pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

The Sentencing Guidelines called for a sentence of 97 to 120 months in prison. Yet the district court imposed a noncustodial sentence of just 12 months' home confinement. The government appealed, and we vacated the sentence because it was substantively unreasonable. It both "ignored or minimized the severity of the offense" and "failed to account for general deterrence." *Schrank*, 768 F. App'x at 515.

Yet on remand, the district court imposed the same sentence. The district judge criticized our court for "second-guess[ing]" her sentence and said that she refused to impose a sentence that "does not make sense." R. 47, Page ID 249, 271. But the district judge didn't stop there. She also found time to criticize the "sophistication of the judges on the Sixth Circuit when it comes to computers" and said that Schrank's misconduct—accessing the dark web over the course of five days and downloading nearly 1,000 images of children being raped—was "much less exaggerated" than "the Sixth Circuit judges realize." *Id.* at 250. She concluded by noting, "maybe the Sixth Circuit will reverse me again." *Id.* at 271.

We now do just that. Because Schrank's sentence remains substantively unreasonable, we vacate it and remand for resentencing. And given the district judge's conduct, we order that the case be reassigned on remand.

I.

A sentence is substantively unreasonable when it is not "proportionate to the seriousness of the circumstances of the offense and offender." *See United States v. Robinson*, 778 F.3d 515, 519 (6th Cir. 2015) (citation omitted); *see also* 18 U.S.C. § 3553(a)(2). Thus, we have repeatedly held that sentences are substantively unreasonable in child pornography cases when they require little or no jail time. *See, e.g.*, *United States v. Demma*, 948 F.3d 722, 732 (6th Cir. 2020); *United States v. Bistline*, 720 F.3d 631, 634 (6th Cir. 2013); *United States v. Robinson*, 669 F.3d 767, 777 (6th Cir. 2012); *United States v. Camiscione*, 591 F.3d 823, 833 (6th Cir. 2010). Indeed, in this very case we held that Schrank's noncustodial sentence was substantively unreasonable given his misconduct. *Schrank*, 768 F. App'x at 515.

Because the district court imposed the same sentence on remand, the sentence remains substantively unreasonable for the reasons set forth in our earlier opinion. *Id.* Despite Schrank's

alleged proficiency in computer systems, there is no "ease of moving" through the dark web, as the district court suggests. R. 47, Page ID 250. It takes a conscious effort, which includes downloading special software (normally Tor routing software) and using a specific sixteen-digit web address that is often obtained from other users. *See United States v. Tagg*, 886 F.3d 579, 582–83 (6th Cir. 2018). This court is well-aware of the sophisticated operations of the dark web. Schrank surreptitiously and repeatedly downloaded violent child pornography from a clandestine website. Yet the district court twice imposed a noncustodial sentence of 12 months' home confinement (despite the Guidelines range of 97 to 120 months in prison).

Over the years, Congress has made a series of amendments to child pornography laws, by reducing the number of images needed for conviction, increasing the statutory maximum term, and applying an enhancement based on the number of images in possession. *See* Pub. L. No. 105-314 § 203, 112 Stat. 2974 (1998); Pub. L. 108-21, §§ 101, 401, 117 Stat. 650 (2003). Congress understands that child pornography is a serious crime. The sentence in this case, however, does not "reflect the seriousness of the offense" or "provide just punishment." 18 U.S.C. § 3553(a)(2)(A). Nor does it "afford adequate deterrence to criminal conduct." *Id.* § 3553(a)(2)(B).

Child pornography is an abhorrent offense that scars the children affected forever. And it doesn't take an economist to know that demand drives supply. *See United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007). By repeatedly downloading images of young children being raped, Schrank contributed to their past victimization. *Schrank*, 768 F. App'x at 515. And by fueling the demand for child pornography, his conduct likely also contributed to the future harm done to children in the name of profit. His ultimate sentence must reflect the severity of his depraved criminal conduct.

Likewise, "general deterrence is crucial in the child pornography context." *Bistline*, 720 F.3d at 632 (cleaned up). Child pornography offenses happen in the shadows, making it difficult to apprehend perpetrators like Schrank who use anonymizing software to hide their identities. It is thus especially important that courts impose sentences sufficient to deter this clandestine criminal conduct. Indeed, a noncustodial sentence in a child pornography case will almost

always be insufficient to account for general deterrence. *Cf. Robinson*, 669 F.3d at 777. And Schrank's noncustodial sentence is no exception.

To be sure, district judges have considerable discretion when imposing sentences. *Gall v. United States*, 552 U.S. 38, 51 (2007). But that discretion is not unfettered. And when a district court abuses its discretion by imposing a fundamentally unjust sentence—as occurred here—we must reverse. For our job is to review sentences, not rubber stamp them. Since Schrank's punishment does not fit his very serious crime, we once again vacate his sentence and remand for resentencing.

## II.

On remand, we order this case be reassigned to another district court judge for resentencing. This court has a duty to supervise district courts to ensure "proper judicial administration in the federal system." *La Buy v. Howes Leather Co.*, 352 U.S. 249, 259–60 (1957). Although the government did not request reassignment, appellate courts may sua sponte order reassignment on remand. *Robinson*, 778 F.3d at 524 (citing 28 U.S.C. § 2106).

In two prior cases involving nearly identical facts—*Bistline* and *Robinson*—our court has ordered reassignment because the record showed that the "original judge would reasonably be expected . . . to have substantial difficulty in putting out of [her] mind previously-expressed views or findings." *Bistline*, 720 F.3d at 634 (quotation marks omitted); *Robinson*, 778 F.3d at 524. That same rationale compels reassignment here.

The district court began the resentencing hearing by stating, "I disagree with the Sixth Circuit." R. 47, Page ID 249. The district court then imposed the same substantively unreasonable sentence. And at one point during the hearing, the district court even acknowledged, "maybe the Sixth Circuit will reverse me again, but I can't impose a sentence on Mr. Schrank that otherwise does not make sense to me." *Id.* at 271. Thus, despite our binding holding, the district judge refused to follow the law and impose an appropriate sentence.

Schrank's sentence is vacated, and the case remanded for reassignment and resentencing.