[Cite as *State v. Benvenuto*, 2024-Ohio-5553.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

JAMES A. BENVENUTO,

    DEFENDANT-APPELLANT.

CASE NO. 1-23-51


O P I N I O N


Appeal from Allen County Common Pleas Court
Trial Court No. CR 2016 0348

**Judgment Reversed and Cause Remanded**

**Date of Decision: November 25, 2024**


APPEARANCES:

    *Dustin M. Blake* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, James A. Benvenuto ("Benvenuto"), appeals the May 23, 2023 judgment of resentencing and the June 27, 2023 judgment entry denying a second resentencing hearing. For the reasons that follow, we reverse.

{¶2} This case arises from a series of marijuana-related offenses. This court recited much of the factual and procedural background of this case in Benvenuto's direct appeal, and we will not duplicate those efforts here. *See State v. Benvenuto*, 2018-Ohio-2242, ¶ 1-15 (3d Dist.).

{¶3} Relevant to this appeal, in 2016, Benvenuto was indicted on 58 drug-related charges, to-wit: 53 counts of trafficking in marijuana in violation of R.C. 2925.03(A)(1), (C)(3)(a), fifth-degree felonies; a single count of trafficking in marijuana in violation of R.C. 2925.03(A)(1), a third-degree felony; two counts of possession of marijuana in violation of R.C. 2925.11(A), (C)(3)(e), third-degree felonies; a single count of possession of hashish in violation of R.C. 2925.11(A), (C)(7)(d), a third-degree felony; and a single count of engaging in a pattern of corrupt activity  in violation of R.C. 2923.32(A)(1), (B)(1), a first-degree felony. Some of the counts included specifications for forfeiture of money and property pursuant to R.C. 2941.1417(A).

{¶4} On July 5, 2017, Benvenuto appeared for a change-of-plea hearing where he withdrew his former pleas of not guilty and entered no-contest pleas to all

of the counts and specifications in the indictment. The trial court accepted Benvenuto's pleas and found him guilty of the counts and specifications in the indictment.

{¶5} At the sentencing hearing on August 21, 2017, the trial court found that none of the charges merged and sentenced Benvenuto to 12 months in prison for each of counts 1 through 53, 36 months in prison for each of counts 54, 55, 56, and 57, and 11 years in prison for Count 58. The trial court ordered the sentences in Counts 1 through 5, Counts 6 through 10, Counts 11 through 15, Counts 16 through 20, Counts 21 through 25, Counts 26 through 30, Counts 31 through 35, Counts 36 through 40, Counts 41 through 45, Counts 46 through 50, and Counts 51 through 53 to be served concurrently to each other. The trial court then ordered the sentences in each group of concurrent sentences to be run consecutively to each other and consecutive to the prison terms in Counts 54, 55, 56, 57, and 58 for an aggregate total of 34 years. The trial court also ordered forfeiture of the currency and property specified in the indictment and ordered Benvenuto to pay a $5,000 mandatory fine on each of Counts 54, 55, 56, and 57.

{¶6} Benvenuto filed a direct appeal wherein he raised five assignments of error. Specifically, he argued: (1) the trial court erred by overruling his motion to suppress evidence where the evidence allegedly demonstrated that officers entered a constitutionally-protected space without a search warrant; (2) the trial court erred by overruling his motion to suppress evidence where the search warrant was

allegedly defective; (3) his conviction for engaging in a pattern of corrupt activity was not supported by sufficient evidence; (4) the trial court erred by failing to merge his marijuana-possession charges; and (5) Benvenuto's 34-year prison sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment. In an opinion issued on June 11, 2018, we overruled Benvenuto's assignments of error and affirmed his convictions and sentence. *Benvenuto*, 2018-Ohio-2242, at ¶ 56. Benvenuto filed an appeal with the Supreme Court of Ohio; however, that court declined jurisdiction. *State v. Benvenuto*, 165 Ohio St.3d 1424, 2021-Ohio-3730.

{¶7} Additionally, Benvenuto filed a petition for postconviction relief which the trial court dismissed without a hearing on the basis of being filed untimely. Benvenuto appealed the trial court's dismissal of his petition, and we affirmed the trial court's decision in a judgment entry filed on June 21, 2021. (Doc. No. 114).

{¶8} Benvenuto petitioned the United States District Court for the Northern District of Ohio for a writ of habeas corpus. In that petition, Benvenuto argued that the state court proceedings violated his federal rights in four ways. First, Benvenuto argued the trial court violated the Double Jeopardy Clause by failing to merge certain offenses. Second, Benvenuto argued that his engaging-in-a-pattern-of-corrupt-activity conviction was supported by insufficient evidence. Third, Benvenuto argued that his 34-year prison sentence constituted cruel and unusual punishment and violated his federal due-process rights. Finally, Benvenuto argued

that the state court erred by not suppressing evidence from a warrantless search. *Benvenuto v. Turner*, 2023 WL 2711293, *1 (N.D. Ohio Mar. 30, 2023).

{¶9} On March 30, 2023, the federal district court conditionally granted Benvenuto's petition for a writ of habeas corpus. The court reasoned that "the Double Jeopardy Clause required the state court to merge Benvenuto's third-degree marijuana-possession charges." *Id.* at *4. The court found Counts 55 and 56 (possession of edible marijuana and possession of vegetative marijuana) should have been merged during Benvenuto's original sentencing. The court stated that "Benvenuto may apply for release unless Ohio properly resentences Benvenuto under the Double Jeopardy Clause within 120 days." *Id.* at *1, 6.

{¶10} The federal district court denied Benvenuto's insufficient-evidence claim and dismissed with prejudice Benvenuto's claim relating to the suppression of evidence. *Id.* at *6. Finally, the federal district court dismissed Benvenuto's proportionality claims without prejudice. In its order, the federal district court cited the newly-available remedy provided by the Supreme Court of Ohio in its decision in *State v. Gwynne*, which held that when a sentencing court makes the consecutive-sentencing findings under R.C. 2929.14(C)(4) "it must consider the number of sentences that it will require to be served consecutively along with the defendant's aggregate sentence that will result" and that "upon a de novo review of the record, an appellate court may reverse or modify a defendant's consecutive sentences—including the number of consecutive sentences imposed—when it clearly and

convincingly finds that the record does not support the trial court's findings." *State v. Gwynne ("Gwynne IV")*, 2022-Ohio-4607, ¶ 12, *vacated and superseded on reconsideration*, *State v. Gwynne ("Gwynne V")*, 2023-Ohio-3851. The federal district court reasoned that Benvenuto "must exhaust newly available state remedies" relating to the proportionality claim before the federal court could consider Benvenuto's federal claims. *Turner* at *5. The court specifically stated, "Benvenuto can, and must, renew this claim to the Ohio courts to exhaust the claim." *Id.*

**{¶11}** On May 2, 2023, after being made aware of the federal district court decision, the state trial court appointed new counsel for Benvenuto.[1] The following day, the trial court assigned the matter for resentencing and the assignment commissioner issued an assignment notice to the State and Benvenuto's appointed counsel.

**{¶12}** A resentencing hearing was held on May 22, 2023. Benvenuto appeared remotely from prison via video conference and was represented by appointed counsel. At the hearing, the trial court merged Counts 55 and 56. The

---

[1] On April 27, 2023, the trial court filed a journal entry appointing the local public defender's office as appellate counsel for Benvenuto. On May 2, 2023, the trial court filed an amended journal entry appointing an individual not associated with the public defender's office as counsel for Benvenuto, and this is the individual we have referenced as "appointed counsel" throughout the opinion. We do note that both journal entries, which are identical other than the name of the counsel appointed, reference "[t]he defendant being brought into Court" to request the trial court appoint him counsel. (Doc. Nos. 117, 119). Although this language could suggest that Benvenuto twice appeared before the trial court to request counsel, the record is void of any transport orders, scheduled hearings, affidavits of indigency, or any other suggestion that Benvenuto actually appeared before the court. Rather, the language referencing Benvenuto "being brought into Court" appears to be part of the trial court's form language which it did not adapt for the instant case.

-6-

State elected to proceed on Count 55. The trial court then resentenced Benvenuto on all counts in the same manner as it had at the initial sentencing hearing, with the exception of merging Counts 55 and 56 for an aggregate sentence of 31 years in prison.

{¶13} The following day, May 23, 2023, Benvenuto's retained counsel, who had not been served with the scheduling notice for the resentencing hearing, filed a motion to conduct a resentencing pursuant to the order in the federal habeas corpus petition. In the motion, retained counsel claimed to have only learned of the court resentencing hearing through Benvenuto's family. Later that same day, the trial court filed its judgment entry of resentencing.

{¶14} On May 24, 2024, apparently in response to retained counsel's motion, the trial court assigned the matter for another resentencing hearing and the assignment commissioner issued an assignment notice to the State and Benvenuto's retained counsel. The following day, a second assignment notice was issued to the same individuals changing the date for the resentencing hearing to July 6, 2023.

{¶15} On June 27, 2023, the State filed a response in opposition to Benvenuto's motion for resentencing. Several hours later, the trial court filed a judgment entry denying Benvenuto's motion for another resentencing hearing and vacating the resentencing hearing set for July 6, 2023.

{¶16} On July 26, 2023, Benvenuto filed a notice of appeal. He raises the following assignments of error for our review:

## First Assignment of Error

**The trial court violated Appellant's right to due process by failing to provide notice and opportunity for the resentencing and denied Defendant's right to counsel of his choosing in violation of the Fifth, Six, and Fourteenth Amendments.**

## Second Assignment of Error

**The trial court's imposition of consecutive sentences amounting to a 31 year prison sentence for marijuana charges was clearly and convincingly contrary to law and unsupported by the record and violates Appellant's rights under the Eight Amendment and Due Process Clause of the Fourteenth Amendment.**

## Third Assignment of Error

**Remand is appropriate in light of Issue 2 and Appellant's marijuana charges.**

{¶17} In Benvenuto's first assignment of error, he argues that the May 22, 2023 resentencing hearing violated his due process rights in several ways. Specifically, Benvenuto argues that the trial court violated his due process rights by: failing to notify Benvenuto's retained counsel of record of the resentencing hearing, conducting the resentencing hearing without Benvenuto's retained counsel, and by allowing Benvenuto to appear by video at the sentencing hearing without first executing a valid waiver. We agree.

{¶18} "[P]rocedural due process under both the Ohio and United States Constitutions requires, at a minimum, an opportunity to be heard when the state seeks to infringe a protected liberty or property right." *State v. Cowan*, 2004-Ohio-4777, ¶ 8, citing *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971). "Further, the

opportunity to be heard must occur at a meaningful time and in a meaningful manner." *Id.*, citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

**{¶19}** Benvenuto argues that his due-process rights were violated when appointed counsel, rather than Benvenuto's retained counsel represented him at the resentencing hearing. The Sixth Amendment to the United States Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." "'[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he [or she] prefers.'" *State v. Johnson*, 2022-Ohio-1479, ¶ 8 (4th Dist.), quoting *Wheat v. U.S.*, 486 U.S. 153, 159 (1988).

**{¶20}** "[One] element of [the constitutional right to counsel] is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). "If a defendant has the ability to retain a qualified attorney, the Sixth Amendment generally protects his choice of counsel." *State v. Ross*, 2018-Ohio-3524, ¶ 5 (9th Dist.), citing *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 625 (1989). "'A court commits structural error when it wrongfully denies a defendant his counsel of

choice, so a defendant need not demonstrate further prejudice.'" *Id.* at ¶ 5, quoting *State v. Miller*, 2015-Ohio-279, ¶ 8 (9th Dist.), citing *Gonzalez-Lopez* at 150.

{¶21} "[T]he 'erroneous deprivation of the right to counsel of choice, "with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error.'"'" *State v. Chambliss*, 2011-Ohio-1785, ¶ 18, quoting *Gonzalez-Lopez* at 150, quoting *Sullivan v. Louisiana*, 508 U.S. 275, 281-282 (1993). "This is because '[d]ifferent attorneys will pursue different strategies with regard to investigation and discovery, development of the theory of defense, selection of the jury, presentation of the witnesses, and style of witness examination and jury argument. And the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides instead to go to trial. In light of these myriad aspects of representation, the erroneous denial of counsel bears directly on the "framework within which the trial proceeds"—or indeed on whether it proceeds at all.'" *Id.*, quoting *Gonzalez-Lopez* at 150, quoting *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991).

{¶22} Here, the record indicates that retained counsel represented Benevento in his direct appeal to this court and the subsequent appeal to the Supreme Court of Ohio imploring the Court to grant jurisdiction. (Doc. No. 85). Retained counsel then represented Benvenuto in his petition for postconviction relief filed in the trial court and the ensuing appeal to this court. Importantly, retained counsel represented Benvenuto in his petition to the federal district court for a writ of habeas corpus,

-10-

which caused the matter to be returned to the trial court for resentencing. Indeed, no attorney, other than Benvenuto's retained counsel, filed any documents on Benvenuto's behalf or entered a notice of appearance until the trial court appointed counsel on May 2, 2023. Nothing in the record indicates that Benvenuto's retained counsel was no longer in the case, and the record does not demonstrate that Benvenuto requested to have counsel appointed.[2] Nonetheless, rather than notifying retained counsel who was successful in having the matter returned to the trial court for resentencing, the trial court inexplicably appointed new counsel for Benvenuto.

{¶23} At the May 22, 2023 sentencing hearing, Benvenuto was represented by appointed counsel. The transcript of the resentencing hearing indicates that Benvenuto did not indicate to the trial court that he was or wished to be represented by his retained counsel, and Benvenuto's appointed counsel indicated that he had the opportunity to confer with Benvenuto prior to the commencement of the resentencing hearing. (May 22, 2023 Tr. at 1-2). Further, appointed counsel indicated he had reviewed the federal district court order. (*Id.* at 2).

{¶24} The record indicates that the trial court, State, and appointed counsel proceeded with the resentencing hearing with a perception that the resentencing hearing was for the limited purpose of merging Counts 55 and 56 of the indictment.

---

[2] The record indicates that the attorney who originally represented Benvenuto during the pretrial, plea, and original sentencing proceeding was also privately retained.

Yet, the trial court proceeded to resentence Benvenuto on each of the original counts.

**{¶25}** We note that the federal court order granting Benvenuto's petition for a writ of habeas corpus specifically referenced *Gwynne IV*, which held that when making consecutive-sentencing findings, the trial court must "consider the number of sentences that it will require to be served consecutively along with the defendant's aggregate sentence." *Gwynne IV*, 2022-Ohio-4607, at ¶ 12; *Turner*, 2023 WL 2711293, at *5-6. Specifically, the federal court stated Benvenuto "can, and must, renew [the proportionality] claim to the Ohio courts to exhaust the claim." *Turner* at *5. Yet, although Benvenuto's appointed counsel did ask for a reduced sentence, he did not reference *Gwynne* nor make a sentence proportionality argument at the resentencing hearing in spite of the federal district court's guidance.[3]

**{¶26}** Nonetheless, after the resentencing hearing, but before the judgment entry of resentencing was filed, Benvenuto's retained counsel filed a motion for a resentencing hearing, and, the trial court did, indeed, set the matter for resentencing and serve the State and Benvenuto's retained counsel with notice of the scheduled

---

[3] Although *State v. Gwynne*, 2022-Ohio-4607, was binding at the time of the resentencing hearing, that decision was vacated in *State v. Gwynne*, 2023-Ohio-3851 ("*Gwynne V*"). In *Gwynne V*, the Supreme Court of Ohio granted the State's motion for reconsideration and held that "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *Gwynne V* at ¶ 5. *See also State v. Glover*, 2024-Ohio-5195, ¶ 61. Accordingly, the state court remedies and the proportionality arguments contemplated by the federal court may no longer be available to Benvenuto.

resentencing hearing. However, the trial court subsequently vacated the rescheduled hearing on the basis that a resentencing hearing had been conducted on May 22, 2023 and Benvenuto was represented by (appointed) counsel at that hearing.

**{¶27}** Benvenuto also argues that the trial court erred by requiring him to appear for resentencing via video without obtaining a waiver of personal appearance. Crim.R. 43(A)(1) provides that "the defendant must be physically present at every stage of the criminal proceeding and trial, including . . . the imposition of sentence[.]" However, pursuant to Crim.R. 43(A)(3) "[a] court may conduct . . . a sentencing proceeding . . . with a defendant appearing remotely if the defendant has waived in writing or orally on the record the right to be physically present and agreed to appear by remote presence." Here, the record indicates that Benvenuto appeared for the resentencing hearing remotely, but the record does not contain a written or oral waiver.[4] However, """[t]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, *and to that extent only*.""" (Emphasis sic.) *State v. Blevins*, 2019-Ohio-2744, ¶ 37 (4th Dist.), quoting *State v. Hale*, 2008-Ohio-3426, ¶ 100, quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107-108 (1964), overruled on other grounds

---

[4] Benvenuto did not object to the remote hearing, and Benvenuto's appointed counsel indicated that he had an opportunity to speak privately with Benvenuto prior to the commencement of the hearing. We note that the court never inquired of Benvenuto if there was an objection to appointed counsel.

by *Malloy v. Hogan*, 378 U.S. 1, 17 (1964). Standing alone, the trial court's failure to obtain a waiver from Benvenuto may very well have been harmless error. But, the lack of a conversation with Benvenuto regarding his personal appearance at the resentencing hearing also foreclosed an opportunity to review with Benvenuto the issue of retained counsel being present with him.

{¶28} After reviewing Benvenuto's arguments in concert with the record, we find that the trial court committed structural error. Although each of the myriad of abnormalities and errors may not have, individually, constituted a violation of Benvenuto's due-process rights, we find that, in the totality of the circumstances, their cumulative effect results in reversible error. In summary, the trial court conducted the resentencing hearing without first notifying or communicating with Benvenuto's retained counsel. Nothing in the record shows Benvenuto requested court appointed counsel to represent him at the resentencing hearing. The trial court failed to obtain a waiver of personal appearance from Benvenuto. Court-appointed counsel failed to raise a proportionality argument even though the federal district court dismissed that claim without prejudice in order for the matter to be addressed by the state courts.

{¶29} Accordingly, we sustain Benvenuto's first assignment of error and remand the matter to the trial court for a full resentencing hearing. Based on our disposition of Benvenuto's first assignment of error, Benvenuto's second and third

assignments of error are rendered moot, and we therefore will not address them. *See State v. Preston*, 2014-Ohio-3936, ¶ 9 (10th Dist.); App.R. 12(A)(1)(c).

**{¶30}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the Allen County Court of Common Pleas and remand for further proceedings consistent with this opinion.

***Judgment Reversed and Cause Remanded***

**ZIMMERMAN and BALDWIN, J.J., concur.**

**\*\*Judge Craig R. Baldwin of the Fifth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**

**/jlm**