[This opinion has been published in *Ohio Official Reports* at 179 Ohio St.3d 1205.]

IN RE DISQUALIFICATION OF REED.

THE STATE OF OHIO *v*. BENVENUTO.

[Cite as *In re Disqualification of Reed*, 2024-Ohio-6175.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Allegations related to 2017 case forfeited—Affiant failed to present evidence showing that one of the bases for disqualification set forth in R.C. 2701.03(A) applies—Disqualification denied.*

(No. 24-AP-190—Decided December 17, 2024.)

ON AFFIDAVIT OF DISQUALIFICATION in Allen County Court of Common Pleas, General Division, Case No. CR 2016 0348.

_____

KENNEDY, C.J.

{¶ 1} Dustin M. Blake, counsel for James Benvenuto, the defendant in the underlying criminal case, has filed an affidavit of disqualification pursuant to R.C. 2701.03 seeking to disqualify Judge Jeffrey L. Reed of the Allen County Court of Common Pleas, General Division, from presiding over the case. Judge Reed filed a response to the affidavit of disqualification.

{¶ 2} As explained below, Blake has not established that Judge Reed should be disqualified. Therefore, the affidavit of disqualification is denied. The case shall proceed before Judge Reed.

**Trial-Court Proceedings**

{¶ 3} In 2016, Benvenuto was charged in a 58-count indictment for possession of and trafficking in marijuana, possession of hashish, and engaging in a pattern of corrupt activity. Judge Reed was assigned to the case. At the time, Benvenuto was represented by counsel, Heather S. Kocher, and he entered a negotiated plea of no contest to the charges. Based on the negotiated plea, the

maximum term of imprisonment that could be imposed was 76 years, and the maximum fine was $192,500.

{¶ 4} In 2017, Judge Reed sentenced Benvenuto. During the sentencing hearing, the prosecutor and Kocher agreed that none of the charges merged for purposes of sentencing. In determining the appropriate sentence, the judge afforded Benvenuto an opportunity to speak and present witnesses, and the judge considered the record and oral statements, the presentence-investigation report, and the statutory factors set forth in R.C. 2929.11 and 2929.12. Judge Reed found that none of the counts in the indictment merged as allied offenses of similar import under R.C. 2941.25 and this court's holding in *State v. Ruff*, 2015-Ohio-995.

{¶ 5} Judge Reed sentenced Benvenuto to 12 months in prison for counts one through five, to be served concurrently with each other; 12 months in prison for counts six through ten, to be served concurrently with each other; 12 months in prison for counts 11 through 15, to be served concurrently with each other; 12 months in prison for counts 16 through 20, to be served concurrently with each other; 12 months in prison for counts 21 through 25, to be served concurrently with each other; 12 months in prison for counts 26 through 30, to be served concurrently with each other; 12 months in prison for counts 31 through 35, to be served concurrently with each other; 12 months in prison for counts 36 through 40, to be served concurrently with each other; 12 months in prison for counts 41 through 45, to be served concurrently with each other; 12 months in prison for counts 46 through 50, to be served concurrently with each other; 12 months in prison for counts 51 through 53, to be served concurrently with each other; three years in prison for count 54; three years in prison for count 55; three years in prison for count 56; three years in prison for count 57; and 11 years in prison for count 58. *State v. Benvenuto*, Allen C.P. No. CR2016 0348 (Aug. 22, 2017). The judge further ordered that "each group of concurrent sentences" was to run consecutively to each other, consecutive to the three-year prison sentences imposed for counts 54 through

57, and consecutive to the 11-year prison sentence for count 58 "for a total aggregate sentence of 34 years." *Id.*

{¶ 6} Benvenuto appealed the trial-court judgment to the Third District Court of Appeals. *Benvenuto*, 2018-Ohio-2242, ¶ 1 (3d Dist.). On appeal, Benvenuto presented five assignments of error. *Id*. at ¶ 2. Two assignments of error related to Judge Reed's denial of Benvenuto's motion to suppress, and the other assignments of error challenged the sufficiency of the evidence to support Benvenuto's conviction for engaging in a pattern of corrupt activity, the judge's failure to merge two possession charges and a trafficking charge into one offense for purposes of sentencing, and the judge's imposition of an aggregate 34-year prison sentence. *Id*. The appellate court affirmed the trial court's judgment. *Id*.

{¶ 7} Benvenuto appealed to this court, which declined jurisdiction over the appeal. *See Benvenuto*, 2018-Ohio-4092.

{¶ 8} Benvenuto then filed a petition for postconviction relief, which the trial court denied without a hearing on the basis that it was untimely. The Third District affirmed that judgment. *State v. Benvenuto*, No. 1-20-60 (3d Dist. June 21, 2021), *appeal not accepted*, 2021-Ohio-3730.

{¶ 9} Benvenuto next petitioned the United States District Court for the Northern District of Ohio for a writ of habeas corpus. *Benvenuto v. Turner*, 2023 WL 2711293 (N.D.Ohio Mar. 30, 2023). The federal district court conditionally granted the writ of habeas corpus on the basis that "the Double Jeopardy Clause required the state court to merge Benvenuto's third-degree marijuana-possession charges." *Id*. at *4. The court then held, "If Ohio does not resentence Benvenuto consistent with the Double Jeopardy Clause within 120 days, Benvenuto may apply for release." *Id*.

{¶ 10} Blake represented Benvenuto in his direct appeal to the Third District, his petition for postconviction relief, and his petition to the federal district court for a writ of habeas corpus. However, there is no evidence in the record that

Blake entered a notice of appearance as counsel in Benvenuto's underlying criminal case after entry of the federal district court's judgment.

{¶ 11} Pursuant to the federal district court's order, Judge Reed resentenced Benvenuto on May 22, 2023. The judge appointed Zachary D. Maisch to represent Benvenuto, and Maisch appeared at the resentencing hearing by video conference.

{¶ 12} During the hearing, Judge Reed asked Maisch whether he had spoken to Benvenuto prior to the hearing. Maisch stated that he had spoken to Benvenuto and was prepared to proceed. Benvenuto was given an opportunity to speak. Neither Maisch nor Benvenuto informed the judge of Blake's representation of Benvenuto. Judge Reed resentenced Benvenuto, merging count 56 into count 55 in accordance with the federal district court's order and the prosecutor's request to proceed with sentencing on count 55. This reduced the aggregate sentence from 34 years to 31 years in prison. The judge journalized the resentencing entry on May 23. *Benvenuto*, Allen C.P. No. 2016 0348 (May 23, 2023).

{¶ 13} Also on May 23, Blake filed a motion for resentencing on behalf of Benvenuto. Blake did not file a formal motion requesting that Judge Reed recuse himself from the case. Instead, on June 23, he sent an email to Judge Reed's administrative assistant, stating:

> [I]n the federal habeas action in which I represented Mr. Benvenuto there was a claim made for a due process violation due to judicial bias and/or vindictive sentencing. Pursuant to the federal court's order that sentencing claim is still active being that the federal court dismissed it without prejudice so that Benvenuto can properly exhaust any state-court remedies.
>
> I know previously that the Judge recused himself for a similar reason in [another] case and a random judge was assigned by the Ohio Supreme Court.

4

Let me know what the Court wishes to do in that regard, just wanted to make sure the Court was aware of the issue so it can make the correct determination.

{¶ 14} On June 27, the prosecutor filed a response in opposition to the motion for resentencing. Judge Reed denied the motion for resentencing, explaining:

Prior to the resentencing hearing, defendant and Mr. Maisch were given ample time to confer. The record reflects that Mr. Maisch indicated that he familiarized himself with the case, had consulted with defendant and was prepared to go forward. Defendant never objected to being represented by attorney Maisch and never said attorney Blake was his counsel. The resentencing hearing proceeded, all parties were given the opportunity to be heard and the Court merged counts 55 and 56 in the original indictment. The state elected to proceed on Count 55. The Court re-sentenced defendant in compliance with the remand.

*Benvenuto*, Allen C.P. No. CR 2016 0348 (June 27, 2023).

{¶ 15} Benvenuto appealed the resentencing judgment to the Third District, raising three assignments of error. *Benvenuto*, 2024-Ohio-5553, ¶ 1, 16 (3d Dist.). The Third District reversed Judge Reed's resentencing judgment based on Benvenuto's first assignment of error, which rendered the other two assignments of error moot. *Id*. at ¶ 29. The appellate court held that the judge "committed structural error" by appointing counsel to represent Benvenuto "without first notifying or communicating with Benvenuto's retained counsel." *Id*. at ¶ 28. The Third District remanded the case to the trial court for resentencing. *Id.* at ¶ 30.

{¶ 16} Blake filed the affidavit of disqualification on December 6, 2024.

**Affidavit-of-Disqualification Proceedings**

{¶ 17} R.C. 2701.03(A) provides that if a judge of the court of common pleas "allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court," then that party or the party's counsel may file an affidavit of disqualification with the clerk of this court.

{¶ 18} Blake alleges that Judge Reed should be disqualified because the judge is biased and prejudiced against Benvenuto and because the judge engaged in vindictive sentencing in 2017. Blake also alleges that Judge Reed should be "otherwise disqualified" because of the procedural problems outlined in the Third District's decision reversing Judge Reed's May 23 resentencing judgment and on the basis that the judge "has his mind made up regarding this case and sentencing." In support of these allegations, Blake points to the record in the underlying case and cites *United States v. Schrank*, 975 F.3d 534 (6th Cir. 2020).

{¶ 19} In response, Judge Reed denies that he is biased and prejudiced against Benvenuto or that he should be disqualified from presiding over the underlying criminal case for any other reason. The judge provided a partial transcript of the original sentencing hearing and a full transcript of the resentencing hearing. The judge states that a review of the resentencing-hearing transcript shows that his words and conduct were appropriate and that he can resentence Benvenuto in compliance with the Third District's order. Moreover, the judge states that *Schrank* is inapplicable here because the facts of this case are diametrically opposed to the facts in *Schrank*.

{¶ 20} Before addressing Blake's allegations against Judge Reed, there is a preliminary matter that must be addressed: whether the affidavit of disqualification

was filed in a timely manner. The answer to that question for many of Blake's averments is no.

**Forfeiture**

{¶ 21} "When an affiant becomes aware of circumstances that the affiant believes support disqualification, an affidavit of disqualification must be filed as soon as possible." *In re Disqualification of Winkler*, 2023-Ohio-698, ¶ 1. "'The affiant has the burden to demonstrate that the affidavit is timely filed.'" *Id.* at ¶ 7, quoting *In re Disqualification of Froelich, Donovan, and Welbaum*, 2015-Ohio-3423, ¶ 5.

{¶ 22} "'[W]aiver is the "intentional relinquishment or abandonment of a known right."'" *State v. Quarterman*, 2014-Ohio-4034, ¶ 15, quoting *United States v. Olano*, 507 U.S. 725, 733 (1993), quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). In contrast to waiver, forfeiture is the failure to timely assert a right or object to an error. *State v. Rogers*, 2015-Ohio-2459, ¶ 21. In prior affidavit-of-disqualification decisions, the chief justice has recognized that allegations supporting the disqualification of a judge may be forfeited if not asserted with the requisite speed and diligence. *E.g.*, *Winkler* at ¶ 34.

{¶ 23} In portions of his affidavit, Blake points to events that occurred in 2017. "Litigants and counsel alike must act with requisite speed when raising issues of interest, bias, or prejudice or other claims of disqualification and file affidavits of disqualification at the earliest possible time." *Winkler* at ¶ 36. An affiant's failure to assert allegations that could have been presented sooner in an affidavit of disqualification results in their forfeiture. *See In re Disqualification of Stucki*, 2019-Ohio-4534, ¶ 7; *In re Disqualification of Ingraham*, 2016-Ohio-3097, ¶ 3; *In re Disqualification of Sheward*, 2013-Ohio-4244, ¶ 4.

{¶ 24} Blake has forfeited allegations related to Benvenuto's case that occurred in 2017. Therefore, this decision turns to Blake's claims about the resentencing hearing.

**Disqualification of a Common-Pleas-Court Judge**

**{¶ 25}** As set forth above, R.C. 2701.03(A) provides two specific grounds and a catchall provision for the disqualification of a judge of a court of common pleas. Granting or denying an affidavit of disqualification turns on whether the allegations of interest, bias or prejudice, or disqualification set forth in the affidavit exist. R.C. 2701.03(E).

**{¶ 26}** The burden falls on the affiant to submit "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." R.C. 2701.03(B)(1). Therefore, "[a]n affidavit must describe with specificity and particularity those facts alleged to support the claim." *In re Disqualification of Mitrovich*, 2003-Ohio-7358, ¶ 4.

**{¶ 27}** Blake alleges that Judge Reed is biased and prejudiced and should be disqualified from presiding over the underlying case to avoid the appearance of bias, prejudice, and impropriety.

**{¶ 28}** R.C. 2701.03(A) "speaks in terms of *actual* bias and prejudice." (Emphasis in original.) *In re Disqualification of Berhalter*, 2023-Ohio-4881, ¶ 29. The General Assembly did not define "bias or prejudice." However, as explained in prior disqualification cases, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" *In re Disqualification of O'Neill*, 2002-Ohio-7479, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469 (1956). "'Bias or prejudice on the part of a judge will not be presumed. In fact, the law presumes that a judge is unbiased and unprejudiced in the matters over which he presides, and bias or prejudice must be strong enough to overcome the presumption of his integrity.'" *Id.* at ¶ 16, quoting 48A C.J.S., Judges, § 108, at 731 (1981). A determination of whether a judge is biased or prejudiced is based on the judge's

words and/or actions and whether those words and/or actions convey that the judge is predisposed to a particular outcome of a case. *Berhalter* at ¶ 28.

{¶ 29} "A judge's subjective bias, however, is not easy to discern. The United States Supreme Court has recognized that '[t]o establish an enforceable and workable framework, the Court's precedents [also] apply an objective standard that, in the usual case, avoids having to determine whether actual bias is present.'" (Bracketed text in original.) *In re Disqualification of Clark*, 2023-Ohio-4774, ¶ 47, quoting *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016). Under an objective standard, "[t]he question is '"whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case."'" *United States v. Melton*, 798 F.3d 903, 905 (8th Cir. 2013), quoting *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002), quoting *In re Kansas Pub. Emps. Retirement Sys.*, 85 F.3d 1343, 1358 (8th Cir. 1996). "'[T]hese outside observers are less inclined to credit judges' impartiality and mental discipline than the judiciary itself will be.'" *In re Nettles*, 394 F.3d 1001, 1002 (7th Cir. 2005), quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990).

{¶ 30} A judge "otherwise is disqualified" under R.C. 2701.03(A) when none of the express bases for disqualification—interest, relation to a party, bias, or prejudice—apply but other grounds for disqualification exist. *In re Disqualification of Navarre*, 2024-Ohio-3336, ¶ 21. "[E]ven in cases in which no evidence of actual bias or prejudice is apparent, a judge's disqualification may be appropriate to avoid an appearance of impropriety or when the public's confidence in the integrity of the judicial system is at issue." *In re Disqualification of Crawford*, 2017-Ohio-9428, ¶ 6. In addition, an ex parte communication between a judge and a party may be a ground for disqualification when the communication "either was initiated by the judge or addressed substantive matters in the pending case." *In re Disqualification of Calabrese*, 2002-Ohio-7475, ¶ 2. Jud.Cond.R. 2.11 sets forth additional circumstances in which a judge must be disqualified, including

when a family member of the judge has an economic interest in the matter in controversy, Jud.Cond.R. 2.11(A)(3), and when the judge likely will be a material witness in the proceeding, Jud.Cond.R. 2.11(A)(2)(d).

{¶ 31} These examples are not exhaustive, but they illustrate that a judge may still be disqualified under R.C. 2701.03(A) even when the express statutory grounds for disqualification are not applicable.

{¶ 32} As noted above, a judge may be disqualified to avoid an appearance of impropriety. An appearance of impropriety exists when "'the [judge's] conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired.'" *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 888 (2009), quoting American Bar Association, Annotated Model Code of Judicial Conduct, Canon 2A, Commentary (2004); *see also id.* at 890 (noting that the codes of judicial conduct provide more protection than due process requires). The perspective of the ordinary reasonable person is considered, and that person "'is presumed to be fully informed of all the relevant facts in the record—not isolated facts divorced from their larger context.'" *In re Disqualification of Kuhn*, 2023-Ohio-4882, ¶ 16, quoting *In re Disqualification of Gall*, 2013-Ohio-1319, ¶ 6.

### Analysis

{¶ 33} Because Blake bases his allegations of bias, prejudice, and an appearance of impropriety on the same evidence, the allegations are analyzed together. For the reasons explained below, Blake has not established that Judge Reed's disqualification is warranted.

{¶ 34} At the outset, it is important for the affiant to understand the limited authority of a chief justice in an affidavit-of-disqualification proceeding. Article IV, Section 5(C) of the Ohio Constitution requires the chief justice to "pass upon the disqualification of any judge of the courts of appeals or courts of common pleas or division thereof." That enumerated power does not give the chief justice

unilateral authority to resolve legal issues that are subject to appellate review. *In re Disqualification of Gallagher*, 2023-Ohio-2977, ¶ 50. The focus of the affidavit-of-disqualification proceeding is on the judge's words or actions.

{¶ 35} In affidavit-of-disqualification proceedings, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 2003-Ohio-5489, ¶ 5. It is well established that "a judge may preside over the retrial of a case even if that judge's rulings of law were reversed on appeal." *In re Disqualification of Kimmel*, 36 Ohio St.3d 602 (1987).

{¶ 36} There is no evidence to support a finding that Judge Reed's actions prior to Benvenuto's resentencing, his actions during Benvenuto's resentencing, or his decision to deny Benvenuto's motion for a second resentencing hearing were the product of bias or prejudice.

{¶ 37} The federal district court remanded the matter to the trial court with an order that Benvenuto be resentenced within 120 days. At the time of resentencing, Benvenuto was serving the prison sentences originally imposed by Judge Reed in 2017.

{¶ 38} When Benvenuto was originally sentenced, he was represented by counsel, who, according to Judge Reed, was no longer practicing law in the area at the time of the resentencing hearing. There is no evidence that Blake entered an appearance as counsel in the underlying case after the federal district court granted a conditional writ of habeas corpus. Therefore, Judge Reed appointed a new attorney—Maisch—to represent Benvenuto.

{¶ 39} A review of the resentencing-hearing transcript shows that Judge Reed conducted himself in a courteous and professional manner. The judge asked Maisch if he had spoken to Benvenuto and whether he was prepared to proceed with the hearing. Maisch told the judge that he had spoken with Benvenuto and that he was prepared for the resentencing hearing. The judge recited the federal

district court's order as it related to the merger of counts 55 and 56 and asked the prosecutor which count the State wanted to proceed to sentencing on. After the prosecutor told the judge that the State wanted to merge count 56 into count 55, the judge heard from Benvenuto. At the conclusion of the hearing, the judge merged count 56 into count 55 and reduced the aggregate prison sentence from 34 to 31 years.

{¶ 40} After the resentencing hearing was complete, Blake moved for a second resentencing hearing. The State opposed a second resentencing hearing. The judge denied the motion, but the Third District reversed that decision. *Benvenuto*, 2024-Ohio-5553, at ¶ 1 (3d Dist.)

{¶ 41} Blake does not point to anything in the resentencing hearing to support his claim that Judge Reed is biased and prejudiced against Benvenuto. Blake did not even provide a copy of the trial transcript from the resentencing hearing for review; instead, the judge did. A review of the resentencing-hearing transcript fails to demonstrate that Judge Reed acted in an untoward manner to Benvenuto.

{¶ 42} If Blake's real claim here is that Judge Reed should have reduced Benvenuto's other sentences that were not disturbed by the federal district court's order, that matter is not properly before the chief justice in an affidavit-of-disqualification proceeding. That is a matter for appellate review. *See Gallagher*, 2023-Ohio-2977, at ¶ 50.

{¶ 43} Moreover, Blake's reliance on *Schrank*, 975 F.3d 534, is misplaced. In *Schrank*, the offender downloaded "'nearly 1,000 images of babies and toddlers being forcibly, violently, and sadistically penetrated.'" *Id*. at 535, quoting *United States v. Schrank*, 768 Fed.Appx 512, 515 (6th Cir. 2019). Schrank confessed and "pled guilty to possession of child pornography." *Id*. The federal sentencing guidelines called for a sentence of "97 to 120 months in prison." *Id*. The federal district court ignored the sentencing guidelines and imposed a "noncustodial

sentence of just 12 months' home confinement." *Id*. The government appealed the judgment of the federal district court, and the Sixth Circuit Court of Appeals reversed and remanded the matter to the district court. *Id.*

{¶ 44} On remand, the federal district court imposed the same sentence. The judge criticized the Sixth Circuit for "second-guessing" her sentence and said that she would not impose a sentence that "does not make sense." (Cleaned up.) *Id*. The federal-district-court judge also stated that Schrank's conduct "was much less exaggerated than the Sixth Circuit judges realize." (Cleaned up.) *Id*. The district court judge concluded by saying, "[M]aybe the Sixth Circuit will reverse me again." *Id*.

{¶ 45} In reversing the federal district court's judgment, the Sixth Circuit ordered that the case be assigned to another judge for purposes of resentencing on the basis that the appellate court had "a duty to supervise district courts to ensure 'proper judicial administration in the federal system.'" *Id*. at 537, quoting *La Buy v. Howes Leather Co.*, 352 U.S. 249, 259-260 (1957).

{¶ 46} Judge Reed has not engaged in the sort of conduct here that the federal-district-court judge engaged in. As stated above, Judge Reed followed the federal district court's order when he resentenced Benvenuto after merging counts 55 and 56. Benvenuto appealed the resentencing judgment, and the Third District reversed and remanded the matter, again for resentencing. Judge Reed has not stated that he disagrees with the appellate court's remand order, nor has he said that he will not comply with that order. In fact, the opposite occurred here: Judge Reed states that he understands the appellate court's ruling and indicates that he will comply with the remand order. Disqualification would not be required even if Judge Reed were to have disagreed with the appellate court's ruling. *See, e.g.*, *In re Disqualification of McMonagle*, 2021-Ohio-2833, ¶ 4 (trial-court judge's disagreement with court of appeals' reasoning did not require the judge's disqualification); *In re Disqualification of Saffold*, 2019-Ohio-3838, ¶ 4 (an

affidavit-of-disqualification proceeding "is not the appropriate forum to determine whether a trial judge's decision complies with an appellate-court order"); *In re Disqualification of Binette*, 2021-Ohio-1753, ¶ 6 (denying an affidavit of disqualification in a case in which the trial-court judge imposed the same sentence at resentencing after receiving an alleged threat from the defendant).

{¶ 47} "A judge may continue presiding over a case when the judge's rulings of law are reversed on appeal, even in a critical opinion issued by the court of appeals." *Clark*, 2023-Ohio-4774, at ¶ 51. This is because "[a] trial judge's opinions of law, even if erroneous, are not by themselves evidence of bias or prejudice and . . . are not grounds for disqualification." *Kimmel*, 36 Ohio St.3d at 602; *see also In re Disqualification of Russo*, 2005-Ohio-7146, ¶ 5 (a judge's adverse rulings, without more, do not require the judge's disqualification).

{¶ 48} A reasonable and objective observer with full knowledge of the facts of the underlying case would not harbor serious doubts about the judge's impartiality or believe that Judge Reed's ability to carry out his judicial responsibilities with integrity and competence is impaired.

## Conclusion

{¶ 49} Blake has not established that Judge Reed should be disqualified from presiding over the underlying case. Therefore, the affidavit of disqualification is denied. The case shall proceed before Judge Reed.

––––––––––––––––––