NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0277n.06

No. 24-5764

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jun 05, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| v. | ) ) | UNITED STATES DISTRICT COURT FOR THE EASTERN |
| KENNETH E. KUNKEL, | ) ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) ) | OPINION |
|  | ) ) ) | |

Before: WHITE, LARSEN, and MURPHY, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Defendant-Appellant Kenneth Kunkel appeals his conviction of possession of a firearm while a felon, in violation of 18 U.S.C. § 922(g)(1), and the resulting sentence. We AFFIRM.

## I.     Background

Three government witnesses testified at Kunkel's felon-in-possession trial. Starla Click testified that she called the Kentucky State Police on March 12, 2023, to report that Kunkel had come to her house with a firearm and threatened to kill her. Trooper Arlie Stidham testified that he was dispatched to the street on which Click lived to look for Kunkel. When Stidham found Kunkel, he directed him to pull over and asked Kunkel to exit his vehicle. When Kunkel got out, Stidham saw a black handgun next to a shirt, located between the front seat and the center console, where it would have been visible from where Kunkel was sitting. No one else was in the vehicle.

Lastly, Trooper David Banks testified that, roughly one month before the incident, he had stopped Kunkel, who was driving the same vehicle, and confiscated a revolver from him.

The parties stipulated that the events at issue took place on March 12, 2023, that Kunkel knew he had a prior felony conviction at that time, and that the confiscated gun was a Glock pistol that had moved in interstate commerce.

Kunkel presented no evidence or witnesses. Instead, he moved for a judgment of acquittal, arguing that the government had not shown that he knowingly possessed the Glock because there was no specific evidence that Kunkel knew or acknowledged that the gun was in the vehicle. The district court denied the motion, and the jury found Kunkel guilty.

Kunkel's offense carried a Guidelines range of sixty-three to seventy-eight months' imprisonment, based on an offense level of twenty and a criminal-history category of V. After considering the 18 U.S.C. § 3553 factors—focusing on Kunkel's violent criminal history, including previous convictions for assault and terroristic threatening; his previous attacks on the Click family that led the court to believe he was likely to reoffend, including a conviction for assaulting Click's brother; and his failure to accept responsibility—the court sentenced him to an above-Guidelines sentence of 120 months' imprisonment, followed by three years of supervised release.

This appeal followed.

## II.    Discussion

On appeal, Kunkel argues that the district court erred when it (1) denied his motion for a judgment of acquittal and (2) sentenced him to an above-Guidelines sentence. We affirm on both issues.

## A. The Motion for Judgment of Acquittal

We review the district court's denial of Kunkel's motion for a judgment of acquittal de novo. *United States v. Howard*, 947 F.3d 936, 947 (6th Cir. 2020). The relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Houston*, 792 F.3d 663, 669 (6th Cir. 2015) (quotation marks and citation omitted). In answering that question, we must draw all inferences and resolve any credibility issues in favor of the jury's verdict. *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006). Moreover, "[c]ircumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Wettstain*, 618 F.3d 577, 583 (6th Cir. 2010) (quotation marks and citation omitted).

A felon-in-possession charge has four elements: (1) the defendant's status as a felon; (2) his knowledge of that status; and (3) his knowing possession of a firearm and/or ammunition (4) that traveled in interstate commerce. *United States v. Ward*, 957 F.3d 691, 696 (6th Cir. 2020); 18 U.S.C. § 922(g)(1). The parties stipulated that Kunkel had a prior felony conviction at the time of the offense conduct, that he knew about his conviction, and that the pistol in Kunkel's truck had crossed state lines. The only element in dispute is possession.

Actual or constructive possession, *United States v. Gardner*, 488 F.3d 700, 713 (6th Cir. 2007), shown by either direct or circumstantial evidence, *United States v. Arnold*, 486 F.3d 177, 181 (6th Cir. 2007) (en banc), can satisfy the possession element. "Actual possession means that the possessor had physical control over the weapon, whereas constructive possession exists when a person . . . knowingly has the power and the intention . . . to exercise dominion and control over an object, either directly or through others." *Gardner*, 488 F.3d at 713 (cleaned up).

The government presented sufficient evidence for a rational jury to find that Kunkel possessed a firearm. Click testified that Kunkel threatened her with a gun, and she identified the gun at trial. And Stidham testified that, when he stopped Kunkel, a gun was visible from where Kunkel was sitting and no one else was in the vehicle. A rational jury could thus find that Kunkel had actual possession of the gun when he threatened Click, and at least constructive possession of the gun found in his truck.

Kunkel disputes this by saying that he never expressly acknowledged the presence of the gun in the truck, which "could easily have been covered by the shirt while [he] was driving." Appellant's Br. at 8. But Stidham testified that the gun was visible and within reach from where Kunkel was sitting in the car, that Kunkel was the only person in the car, and that the shirt was "beside" the gun, not on top of it. R. 57, PID 257. The jury therefore could reasonably conclude that Kunkel knew the Glock was in the truck despite the shirt sitting next to the gun and Kunkel's never having acknowledged the gun's presence to Stidham.

## B. Sentencing

We review challenges to a sentence's reasonableness, which can be procedural or substantive, for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). On appeal, Kunkel challenges only the substantive reasonableness of his sentence. "A sentence is substantively unreasonable when it is not proportionate to the seriousness of the circumstances of the offense and offender." *United States v. Schrank*, 975 F.3d 534, 536 (6th Cir. 2020) (quotation marks and citation omitted).

Kunkel argues that his sentence was substantively unreasonable because (1) "[w]hile [his] record showed some violent history, it did not rise to the level of a 67% upward variance," and

(2) because the Guidelines range already accounted for his criminal history, that history could not be a basis for an upward variance. Appellant's Br. at 9.

The district court gave adequate reasons for its decision to vary upward. Sentencing "is a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Kunkel's percentage argument thus amounts to an argument that the district court should have weighed the § 3553(a) factors differently. *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (explaining that "assertion[s] that the district court should have balanced the § 3553(a) factors differently" do not merit reversal because the question is not "whether in the first instance we would have imposed the same sentence" (quotation marks and citation omitted)). Kunkel does not meaningfully challenge the district court's reasoning regarding his past and future dangerousness and the need for a substantial upward variance to address that dangerousness.

Kunkel's second argument also does not persuade because our precedent allows a district court to consider criminal history when sentencing "even if the criminal history was already factored into his sentencing range under the Guidelines," *United States v. Morris*, 71 F.4th 475, 482 (6th Cir. 2023), "so long as the court explains why the circumstance warrants additional weight with regard to that particular defendant's sentence," *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011). The court did so here, specifically discussing Kunkel's history of violent criminal conduct and his history with the Clicks.

\*     \*     \*

For the reasons set out above, we AFFIRM.